Martha Storer and Husband v. W. H. Lane et al.

No. 26.

1. **Probate Judgments—Collateral Attack.**—The orders of a court having jurisdiction of an estate, made in 1871, directing a sale of certain property of the estate, and after sale confirming the same as reported, can not be attacked collaterally on the ground that there was no necessity for the sale, and no debts of the estate unpaid, nor because the order of confirmation was made at the same term of court at which the report was made, without a continuance thereof for one term, as required by law. The law then in force did not prescribe what the application for sale should contain, as it now does.

2. **Probate Sale—Purchaser's Title.**—Although by a previous report of the administrator there appeared to be a balance due the estate of $438.36, after the payment of all debts and expenses of administration, yet the application made for the sale of the land purported to be for the payment of expenses of administration, and a purchaser need not look beyond the application and decrees of court to ascertain whether or not the court had jurisdiction to order the sale, and such sale can not be collaterally attacked in a suit of trespass to try title.

3. **Allegations of Fraud.**—When facts are alleged which would constitute fraud, it is unnecessary to charge fraud as a conclusion.

4. **Same—Direct Proceeding to Vacate Deed.**—Plaintiff alleged, that Lane was the attorney for the administrator; that an account filed in 1860 showed the estate to be fully administered and a balance of money on hand; that in 1867 an application was made to sell the land certificate to pay expenses of administration, which on its face discouraged bidders by showing a want of knowledge of its actual ownership; that Lane, in whose handwriting were all the papers, in fact knew that the certificate was on file in the Land Office, and was cogni-

zant of all the facts with respect to the administration; and that no occasion existed for the sale of the certificate. He became the purchaser at a grossly inadequate price, but did not record his deed until 1882. Unexplained. these allegations show fraud on the part of Lane and the administrator. The proceeding was a direct one to vacate the deed to Lane; and suit being against his heirs, general demurrer to the petition was erroneously sustained. although the orders in probate stand.

5. **Trustee of the Legal Title.**—We are clearly of the opinion that the facts alleged are sufficient to charge defendants as trustees of the legal title for the benefit of Martha Storer; and this does not violate the principle that proceedings of a court of competent jurisdiction may not be collaterally attacked; for the proceedings leading to the sale and investing the purchaser with the legal title may stand. and yet the holder of the legal title may be constituted a trustee for the benefit of the equitable owner.

6. **Stale Demand.**—Prior to the adoption of the Revised Statutes, when the defense of stale demand was invoked it was usual to apply the longest period of limitation by analogy to the statute to determine when the demand would have become stale; but by the Revised Statutes the indefinite equitable defense of stale demand was eliminated from our law. and instead of meeting such a plea now with excuses it should be met with legal exceptions, as for example coverture, or infancy. Stale demand had not run against Mrs. Storer when the Revised Statutes took effect, and the plea is met by the fact that she has been a married woman since 1862.

7. **Tender of Purchase Money.**—Defendants demurred specially because plaintiffs did not tender back the purchase money paid for the certificate by their ancestor; but in this case it was unnecessary. because by the allegations of the petition the purchase appeared fraudulent. and Lane had already disposed of and conveyed more of the land in value than the amount of his bid.

APPEAL from Harrison. Tried below before Hon. A. J. BOOTY.

*M. R. Geer*, for appellants.—1. The court erred in sustaining defendants' general exceptions to plaintiffs' second amended original petition. 9 Texas, 504; 18 Texas, 179; 26 Texas, 353; 30 Texas, 361; 46 Texas, 345; 55 Texas, 493; 58 Texas, 348; 59 Texas, 585; 60 Texas, 360; 62 Texas, 673; Martin v. Robinson, 67 Texas, 381; Fisher v. Wood, 65 Texas, 205; McCampbell v. Durst, 73 Texas, 410.

2. Though the probate proceedings of Sheldon's estate may not be subject to collateral attack, yet if facts pleaded justified equitable interposition of court, relief will be given, notwithstanding the probate proceedings will be left standing. Const., art. 5, sec. 8; Sayles' Civ. Stats., art. 1117; Fisher v. Wood, 65 Texas, 205; Martin v. Robinson. 67 Texas, 373; Jackson v. Ludeling, 21 Wall., 633; Arrowsmith v. Gleason, 129 U. S., 100; Pome. Eq. Jur., sec. 1053; Kerr on Fraud and Mistake, 352, 353; Rorer on Jud. Sales, secs. 570–575.

3. Lane being the attorney of Sheldon's estate, coupled with inadequacy of price, the failure to have the certificate inventoried, and Lane's concealment of the whereabouts of the certificate from bidders at sale, or from the court at time of order of sale and confirmation, is such fraud

as will entitle appellants to recover, or constitute Lane's heirs trustees, or cancel their legal right. McLaury v. Miller, 64 Texas, 381; Pome. Eq. Jur., secs. 960, 1052. 1077, 1078; Perry on Trusts, secs. 202–205; Schoul. on Exrs. and Admrs., sec. 358; Rorer on Jud. Sales, secs. 415, 422; 42 Texas, 1. Purchase by attorney regarded in twilight between fraud and fairness, even without additional facts to show fraud: 26 Texas, 57; 75 Texas, 114; 59 Texas, 160; 45 Texas, 19; 50 Texas, 636. Inadequacy of price: Taul v. Wright, 45 Texas, 394. Burden on attorney to show fairness: 75 Texas, 114.

4. Evidence of fraud or facts, if shown by the record, can be considered to dispute the particular order or judgment attacked. Murchison v. White, 54 Texas, 78; Withers v. Patterson, 27 Texas, 498; Fleming v. Seeligson, 57 Texas, 524; Odle v. Frost, 59 Texas, 684; Watkins v. Davis, 61 Texas, 414; 63 Texas, 44, 57 Texas, 209; 59 Texas, 210; 76 Texas, 284.

5. If Lane was attorney for Sheldon's estate when he bought the certificate, he is trustee for estate or beneficiaries thereof. McLaury v. Miller, 64 Texas, 381; Pome. Eq. Jur., secs. 960, 1052, 1077, 1078; Perry on Trusts, secs. 202, 203, 205; Schoul. on Exrs. and Admrs., sec. 358.

*James Turner, T. P. Young,* and *Pope, Wilson & Lane,* for appellees.

1. The court did not err in sustaining defendants' general demurrer to plaintiffs' second amended original petition. Murchison v. White, 54 Texas, 78; Heath v. Layne, 62 Texas, 686.

2. The demand of plaintiffs is stale. Walet v. Haskins, 68 Texas, 419; Connolly v. Hammond, 51 Texas, 636; Maxwell v. Kennedy, 8 How., 210; Badger v. Badger, 2 Wall., 87–96; Sullivan v. Railway, 94 U. S., 806; Brown v. County of Buena Vista, 95 U. S., 161; Godden v. Kimmel, 99 U. S., 201; Wagner v. Baird, 7 How., 234; Perkins v. Cartmell, 42 Am. Dec., 753; 1 Posey's U. C., 511.

3. Coverture is no answer to stale demand. Perkins v. Cartmell, 42 Am. Dec., 753; Wagner v. Baird, 7 How., 234; Bustard v. Gates, 4 Dana (Ky.), 442.

GARRETT, Chief Justice.—Martha Storer, joined by her husband William Storer, brought this action in the District Court of Harrison County, August 1, 1889, against William H. Lane, Wade J. Lane, and Mrs. O. P. Gibbons and her husband C. R. Gibbons, as the heirs of George Lane, deceased, to recover 2854 acres of land situated in Harrison County, being a part of the league and labor of land patented to Seth Sheldon as the assignee of Jose Arocha, by virtue of certificate 111 issued by Board Land Commissioners of Nacogdoches County.

Plaintiffs in their petition alleged sole heirship of the said Martha Storer to the said Seth Sheldon, and that she was entitled to the land in her

separate right. The petition set out the proceedings of the Probate Court of Harrison County in the estate of Seth Sheldon, deceased, by which the said George Lane became the purchaser of said certificate at administrator's sale; averred that the said Lane was the attorney of the administrator of said estate, and became the purchaser of the certificate for a grossly inadequate price; that the proceedings under which said sale was had were void; and prayed for title and possession of the land as in trespass to try title, or that defendants be adjudged as trustees for the benefit of plaintiff Martha Storer; that the said administrator's deed be set aside, and for writ of possession.

Appellees presented a general demurrer to the petition, and specially excepted, because:

1. There was a collateral attack on the judgments, orders, and decrees of the Probate Court of Harrison County.

2. The cause of action was a stale demand.

3. No fraud was alleged against Lane in the purchase of the certificate.

4. There was no proffer to return the purchase money.

5. It did not appear that the County and District Courts of Harrison County, in which the proceedings in the estate of Seth Sheldon were had, did not have jurisdiction over said estate.

On March 21, 1891, defendants' demurrers to the petition were heard, and the court overruled the exception as to stale demand, but sustained the general demurrer and special exceptions numbered 1, 3, 4, and 5; and the plaintiffs having declined to amend, the suit was dismissed. Both parties excepted to the rulings adverse to them. Plaintiffs alone have assigned error.

The petition alleges, that on January 1, 1889, the plaintiff Martha Storer, in her separate right, was seized and possessed in fee simple of the land, fully described in the petition by metes and bounds; that said land was situated in the county of Harrison, and was patented on the — day of May, 1882, to Seth Sheldon, assignee of Jose Arocha, by patent No. 605, volume 23, by virtue of headright certificate No. 111, issued to Seth Sheldon, assignee of Jose Arocha, by Board of Land Commissioners of Nacogdoches County, February 1, 1838. That defendants unlawfully entered thereon, ejecting plaintiffs, and held possession thereof. It was averred also, that defendants' possession was not actual. That the plaintiff Martha Storer was married to William Storer on the 3rd day of April, 1862, and that since that date she had always been a married woman and a resident of Canada; that she was the only daughter and sole heir of Seth Sheldon, and was entitled to the land sued for in her separate right as the heir of said Sheldon. That defendants' pretended claim to said land grew out of a sale thereof made in the administration of the estate of Seth Sheldon, deceased; that they claim as the heirs of one George Lane, who was an attorney at law. That letters of administration were

first taken out in the County Court of Harrison County on said estate, in the year 1846, by one Chatfield; that in 1856, one T. A. Harris became the administrator thereof, and so continued until the day of his death, July 25, 1873, since which time there had been no administration of said estate, and no necessity for any; nor has any necessity existed for such administration since January 30, 1860, when the said Harris·filed in said estate (after disposing of all the property that had then come into his hands, and no property afterwards came into his hands) an itemized account, duly sworn to, showing that a balance of $438.36 remained in his hands, after payments of all debts, claims, and expenses.

It was alleged further, that the said George Lane was the attorney for said estate from May, 1847, until November, 1871, and was cognizant of all the facts pleaded.    That the said certificate had never been inventoried as the property of said estate, but on August 20, 1867, an application, sworn to, was filed for the sale of said certificate.  Said application recited that the administrator was informed that his intestate had some claim to or interest in the said headright certificate No. 111; that he did not have, nor had he ever had, any papers showing what that interest was, or in any manner relating thereto; did not know the nature or extent of the interest; did not know where the certificate was, and had never seen it.   He represented that all the debts of said estate had been fully paid off and discharged, except some that had been refused payment, and a portion of the expenses of administration which remained unpaid.   That afterwards, on May 19, 1871, said Lane filed another application in said estate to sell said certificate; that it referred to the application filed August 20, 1867, and made it a part thereof, and represented that the facts in said petition still existed; that an order of sale had been made, but no sale had ever been made thereunder; that the same cause existed for said sale, to-wit, the payment of a portion of the expenses of administration; and asked for a renewal of the previous order of sale; that no sufficient notice of said application for sale, or of the sale thereafter made, was given.

It was further alleged, that the District Court of Harrison County, which then had jurisdiction of probate matters, made an order July 1, 1871, on said application, directing a sale of said certificate; and that a sale thereof was made on the first Tuesday in August, 1871; that when said sale was made, the said certificate was not in the possession of said Harris, but the said Lane had learned by correspondence through an agent, and knew that it was on file in the General Land Office at Austin, and bid in said certificate at said sale, for himself, at the sum of $300; that a sworn report of said sale was returned by said administrator September 26, 1871, and without a continuance thereof for one term, as required by law, the sale was confirmed by the court November 20, 1871, and on December 4, 1871, said administrator executed a deed to said

Lane for the said certificate, which said deed was never recorded until May 19, 1882. That all of the papers in connection with said sale are in the handwriting of said Lane, and he represented the administrator therein; that the price at which said certificate was bought was grossly inadequate; that it was worth the sum of $5000.

Plaintiffs averred, that by reason of the facts alleged the said sale was void, and that the title to said certificate never passed to the said Lane; that said Lane died in 1885, and left the defendants as his sole heirs, and that their claim is by inheritance from said Lane. That during his life-time the said Lane sold the remainder, to-wit, one-half, of said certificate, which was located on other lands, and was worth far more than the sum of $300 pretended to have been paid by him for said certificate at said sale. That both said Lane and said Harris knew there was no necessity for the sale of said land, and that plaintiff Martha Storer was the heir.

That after sale, on April 22, 1872, said Lane wrote a letter of inquiry to the children or relatives of Seth Sheldon, deceased, and admitted the claim of plaintiff to property in the said estate; that after sale no other action whatever was taken in said estate, and at the time thereof said certificate was the only property that belonged thereto.

Plaintiffs prayed judgment as in trespass to try title, or that defendants be estopped from asserting any title to said land, or that defendants be constituted trustees for plaintiffs' benefit, or that the title to said land be adjudged to be in plaintiffs and divested out of defendants; that any deed from the administrator to Lane be cancelled and held for naught; and that plaintiffs have the title and possession of said land, for writ of possession, costs, and such other and further relief as the case demanded.

As a collateral attack upon the orders, judgments, and decrees of the Probate Court of Harrison County, made in the estate of Seth Sheldon, deceased, plaintiff Martha Storer could not maintain her suit. The recovery of the land in an action of trespass to try title would involve the nullity of the order of the court directing the sale of the land, and the decree of confirmation of the sale, and directing a deed to be executed by the administrator to the purchaser, Geo. W. Lane. At the time the application upon which the sale was ordered was made, the probate law of 1870 was in force, and it did not prescribe what the application should contain, as the law now in force does. Gillenwaters v. Scott, 62 Texas, 672.

If we treat the sale as one of personal property, being a land certificate, there was not even the necessity of obtaining an order of sale. 2 Pasch. Dig., arts. 5629–5635.

From the petition it appears that the administration of the estate had been pending for a number of years, and that a report filed by the administrator in 1860 showed a balance due the estate of $438.36, after payment of all the debts and expenses of administration; yet the applica-

tion made for the sale of the land purported to be for the payment of the expenses of administration, and a purchaser need not look beyond the application and orders of court to ascertain whether or not the court had jurisdiction to make the order of sale.    Property belonging to the estate may be sold for the payment of expenses of administration.    If this was only an action of trespass to try title to recover the land sold in accordance with the application and orders in the estate of Seth Sheldon, deceased, we should hold that it was a collateral attack on the proceedings of the Probate Court of Harrison County, and that the court below did not err in sustaining the defendant's demurrer.

But it is also sought to set aside the deed executed by Harris as administrator of the estate of Seth Sheldon, deceased, to Geo. W. Lane, the ancestor of the defendants, in pursuance of proceedings in said estate, which, if had as alleged, were fraudulent.    While fraud is not alleged *eo nomine*, still facts are alleged which would constitute fraud; and such being the case, it is unnecessary to charge the fraud as a conclusion.

Plaintiffs alleged, that Lane was the attorney for the administrator of the estate; that in 1860 an account had been filed showing that the estate had been fully administered, and that there was a balance in the hands of the administrator; that in 1867 an application was made to sell the certificate to pay expenses of administration, which on its face discouraged bidders for the certificate by showing a want of knowledge as to its actual existence or ownership; that in 1871 this application was renewed and the certificate sold, while Lane in fact knew that the certificate was on file in the General Land Office, and was cognizant of all the facts with respect to the administration, and that no necessity existed for the sale of the certificate; that he bought the certificate at administrator's sale for a grossly inadequate price, procured a confirmation of the sale, had a deed executed to himself, and afterwards, in 1882, procured a patent for the land; and not until then did he record his deed.

No other proceedings were had in the estate after the account filed in 1860, except to sell the land certificate; and the papers in connection therewith were alleged to be in the handwriting of Lane.    The administrator died in 1873, since which time there had been no administration.

Unexplained, these allegations would show fraud on the part of the administrator and Lane in the proceedings resulting in the sale of the certificate.    In McCampbell v. Durst, 73 Texas, 420, it was held, in a similar case, that it was a direct proceeding to vacate the deeds, which included the deed of the administrator of Durst's estate, and that it might be done if the facts alleged were true, although the orders in probate stood.

Without determining, however, whether the facts in this case would authorize the setting aside of the deed, we are clearly of the opinion that they are sufficient to charge the defendants as trustees of the legal title

for the benefit of the plaintiff Martha Storer.    Martin v. Robinson, 67 Texas, 369–381; Fisher v. Wood, 65 Texas, 204.    As shown by the authorities cited, this does not violate the principle that the proceedings of a court of competent jurisdiction may not be collaterally attacked, for the proceedings leading to the sale and investing the purchaser of the land with the legal title may stand, and yet the holder of the legal title may be constituted a trustee for the benefit of the equitable owner.

The facts alleged in the petition are sufficient to charge the defendants as trustees of the legal title for the benefit of plaintiff Martha Storer, and the defendant's demurrer should have been overruled, unless it appears from the petition that the demand is stale.

The court below overruled the defendants' exception setting up stale demand, and there is no cross-appeal; but if the judgment can be sustained on that ground we are not concluded from a consideration thereof, because the court below did not consider that it presented a defense, especially since under our practice this defense may be raised by a general demurrer, as seems to have been done in Smith v. Hampton, 13 Texas, 459.

At the time of the proceedings in the estate of Seth Sheldon, deceased, which resulted in the sale of the land certificate, the plaintiff was, and continued to be up to the time of the institution of this suit, a married woman.    She was married to her coplaintiff in 1862.    Lane's deed for the certificate was executed in December, 1871.    It does not appear when the land was located, but it was patented in May, 1882, and the deed from the administrator to Lane was recorded in 1882.

Prior to the adoption of the Revised Statutes in 1879, there was no law fixing a period of limitation to an action of this character; and when the defense of stale demand was invoked it was usual to apply the longest period of limitation by analogy to the statute, to determine when the demand would become stale.    If it should be granted that there are no circumstances shown in the petition as an excuse why the plea of stale demand should not be invoked, and that equity would not follow the law in excepting a married woman from the application of the principle, yet less than ten years had elapsed when the Revised Statutes were put in force.

By the Revised Statutes the indefinite equitable defense of stale demand was eliminated from the body of our law, and instead of meeting such a plea now with excuses, it should be met with legal exceptions, as, for example, coverture or infancy.    Article 3207 of the Revised Statutes is:    "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward."    This article includes the plaintiffs' cause of action.

Stale demand had not run against Mrs. Storer when this law took effect.

It provided a law of limitation, instead of the equitable stale demand. which is met by the fact that the plaintiff Martha Storer is a married woman, and the statute was never set in operation against her.

It was not necessary for the plaintiff to tender back the $300 purchase money bid by Lane for the land certificate, for the double reason that the purchase appeared to be fraudulent, and he had already disposed of and conveyed more of the land in value than the amount of the bid.

The court erred in sustaining the demurrers of the defendants, because the plaintiffs' petition showed a good cause of action, and the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 17, 1892.