J. K. MILLER ET AL. v. CURTIS CARLTON ET AL.

No. 101.

1. **Judgment Obtained by Fraud — Equitable Relief by Direct Suit for the Property Involved.**—M. having brought suit against C. to foreclose a vendor's lien, obtained possession of the premises by virtue of an agreement that he would not prosecute the suit to judgment, but would apply the rents he should receive thereon to his debt until it was satisfied, and then redeliver the possession to C. Afterward, M. took judgment by default, foreclosing his lien, and himself bought the property at sale thereunder. *Held*, in an action by C.'s heirs to recover the property itself, that such action was not a collateral attack upon the judgment in the foreclosure suit, but that on account of the fraud in taking such judgment, equity would decree M. to hold the property in trust for plaintiffs; and the value of the rents for the time M. so held it being equal to the amount of his debt, plaintiffs were entitled to judgment of recovery.

2. **Limitation.**—A requested instruction on the five years statute of limitation which does not limit the period of adverse possession to five years before the institution of the suit, but extends it to the time of trial, is properly refused.

APPEAL from Grayson. Tried below before Hon. H. O. HEAD.

*D. O. Hause* and *Brown & Bliss*, for appellants.—The judgment in the foreclosure suit of Miller v. Mollie Carlton et al. is conclusive against the same parties and those claiming under them, and precludes any inquiry as to the matters therein adjudicated, or which might have been therein adjudicated, or that would have been a defense to that action. Nichols v. Dibrell, 61 Texas, 539; Lee v. Kingsbury, 13 Texas, 68; Tadlock v. Eccles, 20 Texas, 782; Chilson v. Reeves, 29 Texas, 275; Webb v. Mallard, 27 Texas, 80; Cayce v. Powell, 20 Texas, 767; Taylor v. Harris, 21 Texas, 439; Baxter v. Dear, 24 Texas, 17; Howard v. North, 5 Texas, 290.

*W. W. Wilkins* and *R. R. Hazlewood*, for appellees.—If Carlton and wife were indebted to Miller, and in order to settle said indebtedness Mrs. Carlton delivered to Miller the premises in controversy, to be held by him until the rents of said premises would pay him what Carlton and wife were indebted to him, then he held said property in trust, and appellees were entitled to the possession of said property upon the payment of said indebtedness. Chilson v. Reeves, 29 Texas, 276; James v. Fulcrod, 5 Texas, 512; Mead v. Randolph, 8 Texas, 191; Bailey v. Harris, 19 Texas, 109.

TARLTON, CHIEF JUSTICE.—This is an appeal from a judgment rendered by the District Court of Grayson County, whereby the appellees, Curtis Carlton, Rosa Carlton, and Ernest Carlton, recovered certain realty, situated in the city of Denison, from the appellants, J. K. Miller and James N. Miller, father and son. The verdict of the jury indicates that

they so interpreted the evidence (conflicting in some of its aspects) as to justify, if not to require from us, the following conclusions of fact:

On January 17, 1877, J. K. Miller sold and conveyed the lot or block of land in controversy to Lazarus W. Carlton and his wife, Mollie Carlton, the parents of the appellees herein, who were minors when this suit was instituted. The vendees, L. W. Carlton and his wife, paid a portion of the consideration of this property at the time of the purchase, the remainder being represented by a purchase money note for the sum of $292, besides interest, maturing January 1, 1878, and retaining the vendor's lien. They also, to secure the deferred payment, executed a deed in trust upon the property to one W. B. Munson, as trustee. They took possession of the property and occupied it as a homestead until L. W. Carlton died in 1879, and after that date the widow, Mollie Carlton, with her children, the appellees herein, continued to occupy it as her homestead until in December, 1882, when she intermarried with one William Shockley.

January 3, 1881, the appellant J. K. Miller brought suit in the District Court of Grayson County against Mollie Carlton, surviving wife of L. W. Carlton, and against Curtis, Rosa, and Ernest Carlton, his children, to recover the amount due upon the purchase money note and to foreclose upon the property in question the vendor's lien retained in the note.

After the institution of the suit, J. K. Miller agreed with Mrs. Carlton, that if she would deliver to him possession of the premises referred to, he would rent the same out and would apply the proceeds of the lease to the payment of the note, and that he would not prosecute to judgment the suit already brought by him, though it was to remain on the docket; and that when the rent would have paid off the note he would redeliver the premises to Mrs. Carlton. With this understanding she surrendered to him possession of the property. This agreement with reference to the application of the rent he seems to have carried out until March, 1883. In the meanwhile the suit was dismissed February 12, 1882, for want of prosecution. On December 12, 1882, it was reinstated.

On March 5, 1883, J. K. Miller filed an amended petition, making William Shockley a party defendant. Miller, on May 19, 1883, in violation of his agreement, took judgment by default for the unpaid balance of the note, with an order declaring a foreclosure of the lien upon the property and decreeing the sale thereof. In accordance with this decree, an order of sale was, on January 29, 1883, issued, and the property was sold on the first Tuesday in August, 1883, and the deed executed by the sheriff to the purchaser, J. K. Miller, which was by him filed for record on August 7, 1883.

J. K. Miller and his wife conveyed the property to James N. Miller by deed dated January 22, 1884, and recorded on May 12, 1884. This con-

veyance was without consideration, the grantor testifying that it was intended as a deed of gift.

The rental value of the property while it was in the possession of the defendants exceeded the amount of the purchase money note. Mrs. Shockley, formerly Mrs. Carlton, died in February, 1884. This suit was instituted August 6, 1889.

We regard this proceeding as an invocation of the equitable powers of the court, whereby it is sought to have the property, the apparent title to which is in the defendants, charged in their hands with a trust for the plaintiffs equitably entitled to it. The plaintiffs' petition, while it does not in terms charge fraud on the part of the defendant J. K. Miller, in obtaining the judgment and the sale already referred to, yet avers facts from which the conclusion of fraud inevitably follows. The court below therefore correctly, as we think, overruled the contention of appellants, urged there and persistently reasserted here, that this proceeding is a collateral attack upon the judgment of a court of general jurisdiction, to be deemed conclusive against the claim by plaintiffs to the property involved.

The judgment of the District Court of Grayson County which declared the lien and ordered the sale of the property remains undisturbed. On account, however, of the fact, that in securing the sale of the property and the consequent investiture of title in himself, the defendant J. K. Miller availed himself of an agreement (whether intentionally fraudulent it is not necessary to consider), by which he lulled into passiveness appellees and their mother, he should be decreed to hold the title thus obtained subject to and in trust for their recognized rights. By means of this judgment, obtained under such circumstances, and of the sale resulting therefrom, equity can not be thwarted in the discharge of a task peculiar to it, of averting the consequences of fraud, actual or constructive.

The doctrine here applied is not believed by us to conflict with that which holds the judgment of a court of general jurisdiction unassailable collaterally. The judgments of Probate Courts, which in matters pertaining to their jurisdiction are courts of equal dignity with our District Courts acting with reference to subjects within their cognizance, have been several times thus interpreted. Martin v. Robinson, 67 Texas, 369; Fisher v. Wood, 65 Texas, 204; Storer v. Lane, 1 Texas Civ. App., 250. While the decrees themselves have been declared unimpaired, the titles thereunder acquired, resting upon fraudulent devices antedating the decrees, have been charged with a trust for the benefit of the victims of these devices. As James N. Miller, the remaining defendant, obtained the property without consideration from his father, he occupies, with reference to the assertion of his rights, the same attitude as the latter.

The appellants complain of the refusal of the trial court to give a special instruction requested by them upon the plea of limitations. This instruction embraced two clauses. The first clause was erroneous, because it did not limit the period of adverse possession to five years before the institution of the suit, but extended it to the time of the trial. Besides, as requested, it could not have benefited appellants, as it was not to apply if the appellees were minors, and their minority was undisputed. The second clause was erroneous, because it was made to rest upon the alleged fact, that at sometime during the period of the defendants' possession the mother of the plaintiff was a widow, whereas the evidence showed that during that period she was constantly under coverture. The testimony, except perhaps as to Mrs. Carlton's half-interest, presented no aspect under which the statute could be invoked by the defendants; and to that phase the requested instruction was not sufficient even to invite the attention of the court. The charge was properly refused.

We do not concur with appellants, that the verdict of the jury finding the agreement on the part of J. K. Miller, already recited in our conclusions of fact, is contrary to the evidence. The evidence was so conflicting on this question as to be sufficient to support a finding of the jury, whether for or against the defendants.

Having thus, as we think, sufficiently disposed of all the questions raised in appellants' brief, we conclude that the judgment should be affirmed. It is so ordered.

*Affirmed.*

Delivered February 23, 1893.

Justice HEAD did not sit in this case.