## FOSTER et al. v. CHRISTENSEN.

### No. 8588.

Court of Civil Appeals of Texas. San Antonio.

April 15, 1931.

Rehearing Denied Oct. 14, 1931.

H. S. Bonham, W. E. Pope, and H. A. Carr, all of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J.

This action was instituted by appellee against Mrs. Loula Foster, a widow, Mrs. L. M. Decker, a widow, George A. Newgent and wife, Frances F. Newgent, and A. L. Ray, and Mrs. A. L. Ray. All, except A. L. Ray and his wife, were alleged to be heirs of W. H. Foster, who died after the suit was instituted.

The suit was brought to set aside a judgment against the Newgents, the Rays, and appellee Christensen, obtained by W. H. Foster and Loula Foster, his wife. The judgment was by default, and was sought to be set aside by appellee herein. The court instructed a verdict for appellee.

Appellee bought the land in controversy at a sale made by the trustee in bankruptcy in case of the bankrupt estate of George A. Newgent. The latter had returned the land in his schedule of assets to the bankrupt court. The deed to the land was executed to George A. Newgent and Frances F. Newgent by W. H. Foster and wife, and a vendor's lien was reserved to secure the payment of promissory notes given by the grantees as purchase money. The judgment which appellee sought to set aside was obtained by the Fosters on the notes and to foreclose the vendor's lien. Prior to the institution of that suit, appellee had bought the land in controversy at a sale ordered by the bankrupt court. There were no recitations in the deed indicating that the land was the separate estate of Mrs. Newgent, but the deed was made to her and her husband jointly. At the time appellee bought the land he had no notice, actual or constructive, that the wife was claiming it as her separate estate. The first notice he had of such claim was during the pendency of this suit. The deed given appellee recited that the land was conveyed free from all liens of every character. Mrs. Newgent had no actual notice of the bankruptcy proceedings, of the fact that the land had been placed among the assets of her husband, or that the property had been sold to appellee.

■ Property conveyed to either spouse during the marital relation, or to both, without recitals that the property is the separate property of one of them, is presumed to be community property. The land in question went into the bankrupt proceedings as presumptively the community property of the Newgents, and as such estate it was subject to the debts of the husband. It was sold by the court with that presumption attached to it. The land was in the actual possession of the trustee in bankruptcy at the time it was sold, and no one had been notified of any claim made by Mrs. Newgent to the land as her separate estate.

■ As stated, the record failed to disclose the fact that the land was the separate estate of Mrs. Newgent. On the other hand, it leads to the conclusion that the property was bought by the Newgents for their community estate. Not even possession proclaimed any claim except as shown by the record itself. The bankruptcy court treated it as community property and sold it as such. If any evidence that tended to prove the separate character of the property was offered, the brief fails to indicate it and point it out. The brief in the most general terms refers to bills of exception, and this court could not be required to search the numerous bills of exception to discover testimony offered by appellants. However, we have investigated the bills of exception and find that testimony was offered tending to prove the land to be the separate estate of Mrs. Newgent.

Let it be assumed that Mrs. Newgent could have presented testimony showing the land to be her separate estate, yet it must be remembered that it was after the judgment of the bankruptcy court had been rendered and the land had been sold under an order of sale of that court, that the suit for foreclosure was filed by the parents of Mrs. Newgent against the Newgents and appellee, and after appellee had filed his suit to remove the cloud from his title that Mrs. Newgent comes forward to claim the land. She made no such claim while the bankrupt proceedings were pending, but sat silently by, and without objection permitted the land to be sold as community property and to be bought and paid for by appellee. If a party could be an innocent purchaser at an execution sale, appellee occupied that position.

The attack made upon the sale of the land by the bankruptcy court was, without doubt, made in a collateral proceeding. In that proceeding, the judgment of the court was assailed on the ground that it could not order the sale of the separate property of the wife to liquidate the debts of the bankrupt husband. The bankruptcy court, when it issued its order of sale, had before it a schedule of the assets of the husband, among which was the land claimed afterwards by the wife. The property had been conveyed to Newgent and wife; no mention in the deed being made that the land was the separate estate of the wife. That claim was never presented until after an adjudication that the property was an asset of the bankrupt and after it had been sold by the court's order to appellee. The effect of the wife's claim in a collateral proceeding was to nullify the judgment of the bankrupt court as much so as if a direct attack had been made upon it. It undermined the judgment and rendered nugatory the order of sale issued thereunder. Storer v. Lane, 1 Tex. Civ. App. 250, 20 S. W. 852; Van Fleet's Collateral Attack, § 3, pp. 5 and 886. It would indeed be an anomaly if an action which effectually destroys a judgment did not assail the very life of that judgment. If the property decreed by the court in bankruptcy to be that of the bankrupt is declared by another court to be that of his wife, the latter has given the death blow to the former. If the attempt of the wife to set aside the only element in the judgment was not an attack on the judgment, we cannot conceive of anything being an attack on a judgment collaterally.

■ Any action directly brought to alter, defeat, or destroy a judgment is a direct at-

tack, and any attack made for the same purposes in a proceeding not instituted to destroy or defeat a judgment is a collateral attack. Any proceeding that tends to defeat, change, or destroy a judgment of a court having jurisdiction is an attack upon it which must be made directly and not collaterally. Van Fleet, § 620, pp. 656, 657.

The land, as before stated, was in the possession of the bankruptcy court when it was decreed to be community property, and Mrs. Newgent is charged with knowledge of such possession. And with such knowledge, she is estopped from claiming the land in her own separate right. We conclude that Mrs. Newgent had no power to assail the judgment of the bankrupt court in adjudging the land subject to the debts of the bankrupt, and in selling it as such. Van Fleet Coll. Att. § 860.

Recurring to the question of estoppel, as applicable to a married woman, the rule has been thus formulated in Texas: In addition to the ordinary requirement that the act of the party must have been such as to have caused another to place himself in a worse position than he would have been had such act have been performed or omitted when it should have been performed, the act creating estoppel as to a married woman must be such as to amount to fraud. Silence or concealment of facts may constitute such fraud. Johnson v. Bryan, 62 Tex. 623; McLaren v. Jones, 89 Tex. 131, 33 S. W. 849; San Antonio Real Estate, Building & Loan Association v. Stewart, 27 Tex. Civ. App. 299, 65 S. W. 665. Mrs. Newgent was charged with notice that the trustee in bankruptcy was in full possession of the land. She knew that he was claiming it as trustee for the bankrupt estate, yet she made no claim to it, remained quiet and silent, until her silence and inaction had led appellee to purchase and pay for the land. This conduct was a fraud upon his rights. Wimberly v. Bailey, 58 Tex. 222; Craig v. Cartwright, 65 Tex. 413. It might be well surmised that that scheme was enacted to have the property sold as that of Newgent, to apply the proceeds to the payment of his debt, and then recover the land as the separate estate of the wife of the bankrupt. No such fraud should be countenanced or sus-

tained. The Fosters made themselves parties to the fraud, and should be estopped from any claim to the land. They made no effort to assert any claim to a lien on the land, although they knew that it had been scheduled as the property of the bankrupt and had been sold by the court for the benefit of his creditors. They waited until all this was acomplished before setting up any claim to the land. In equity and good conscience they should be estopped from setting up a lien on the land.

It is true the lien held by the Fosters on the land was not disturbed by the bankruptcy proceedings, because it was a lien retained in the deed which was duly recorded. Brandenburg on Bankruptcy, §§ 19–20, p. 62.

But that fact would not prevent the arising of an estoppel against the holders of the lien. Especially in this case where the notes were past due and no effort had before been made to collect the debt by law.

The numerous assignments and propositions are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

Conclusions on the disputed fact of notice to appellee as to the claims of Mrs. Newgent to the property in controversy are not necessary in this case, and such conclusions are doubtless incorrect and are withdrawn.

Independent of the question of notice, or any other question that might arise in this case, the writer is of the opinion that the attempted judgment in the state court was a collateral attack upon the judgment of a federal court of competent jurisdiction, and that it could not be entertained. Doubtless the lower court based its opinion upon the question of collateral attack, for all of the defenses intended to be set up in regard to notice and other matters were held subject to demurrer. If the claim set up by appellant in this case be sustained, it would destroy the effect of the judgment which held the property in controversy to be community and subject to the debts of the husband; it would practically undermine and destroy the judgment of the court in bankruptcy, and according to all rules should not be entertained. Buchanan v. Bilger, 64 Tex. 589.

The motion for rehearing is overruled.