**KREIS et al. v. KREIS et al.**

No. 3967.

Court of Civil Appeals of Texas. Amarillo.
Feb. 22, 1933.

Rehearing Denied March 15, 1933.

**1108**

E. E. Diggs, of Childress, for appellants.

Williams & Bell, of Childress, for appellees.

MARTIN, Justice.

The parties to this appeal will be designated as in the trial court.

Except as supplemented herein, the facts of this case are sufficiently stated on a former appeal, 36 S.W.(2d) 821. Many of the same questions disposed of on the former appeal are again presented. These will not be mentioned, as we deem it unnecessary to again discuss questions which we think have already been correctly decided. Other questions are mere corollaries of controlling questions, and still others are of a trivial nature whose importance does not justify discussion.

Two major legal issues appear here: (1) Whether the will of J. M. Kreis, ancestor of plaintiffs, disposed of his wife's community interest in the property in question; and (2) whether the plaintiffs' petition constitutes a collateral attack upon the probate proceedings of the Uvalde county court.

The first of these was, we think, correctly answered in the negative on the former appeal. This leaves an undivided one-half interest in a large amount of property still in controversy, the status of which depends primarily on the answer to the second question above mentioned. The chief controversy is between the heirs of Arthur B. Kreis, deceased, and those of D. F. Kreis, deceased. Arthur B. Kreis received under the will of J. M. Kreis an undivided interest in one-half the property involved in this suit. After his death, his brother, D. F. Kreis, was appointed administrator of his estate by the county court of Uvalde county. A fourth amended original petition was filed after the former appeal by plaintiffs, the heirs of Arthur B. Kreis. Many fraudulent acts were charged against D. F. Kreis. Among these that D. F. Kreis procured his mother (also the mother of Arthur B. Kreis) to file a fictitious claim against the estate of said Arthur Kreis in the Uvalde county court, and fraudulently procured its allowance and an order of sale for the property of said estate to pay same. The petition alleges, in part:

"And it was thus by these acts of the said D. F. Kreis and his attorney and by their frauds as aforesaid, deceived and imposed upon and thus caused to mistakenly approve such bogus account and to order the sale of said lands and to approve such pretended sale to defendant A. West. That all of these things and other frauds were perpetrated by said D. F. Kreis for the continued purpose of divesting the title to said lands out of these plaintiffs and of vesting all of the title in himself; and he was the indirect purchaser of said lands at such administrator's sale, through his brother-in-law A. West, who thereafter made the deed to same to said D. F. Kreis as aforesaid, and by reason of which said pretended sale to said A. West and the subsequent deed of same back to D. F. Kreis in person was all one fraudulent act to vest title in said D. F. Kreis in violation of the law prohibiting an administrator to be the direct or indirect purchaser at his own sale. * * *

"Plaintiffs further aver and charge, and as they believe, the claims against the estate of their father Arthur B. Kreis, which said D. F. Kreis reported as allowed and paid by him were fraudulent, fictitious and void and not properly charged against said estate, and never in fact paid by him. * * *

"Plaintiffs were ignorant of the matters and things, frauds, intrigues and maneuvers named and charged against said D. F. Kreis and A. West and either or both of them, until about the first day of October, A. D. 1928."

Plaintiffs pray, in part, that title be divested out of defendants and vested in plaintiffs and for such general and special relief as they may be entitled, either in law or equity. Plaintiffs do not ask for a cancellation of any order of the probate court of Uvalde county. The trial court sustained many exceptions to this petition, the controlling one being in substance and effect that plaintiffs' suit was a collateral attack upon the orders of the probate court of Uvalde county. Upon plaintiffs refusing to amend, judgment was rendered for defendants, from which this appeal was prosecuted.

█ We are of the opinion that plaintiffs' petition, as a whole, and in its relation to that portion of their cause of action under discussion, though inartfully drawn, may properly be construed to be a proceeding to impress upon the property in controversy a constructive trust for the benefit of petitioners.

"It is unquestionably a common and familiar application of 'their remedial justice' for courts of equity to force upon the conscience of a party the duty of a trustee in regard to property which has been acquired by artifice or fraud." Hendrix v. Nunn, 46 Tex. 147.

██ An administrator holds the title as trustee for those whom he represents. 24 C. J. 637, and authorities there collated; Storer v. Lane, 1 Tex. Civ. App. 250, 20 S. W. 852, 854. The estate is trust property in his hands, which he may not purchase either directly or indirectly. This has long been the rule, and such a purchase by an administrator is now expressly inhibited by statute. Article 3579, R. S. 1925; Nabours v. McCord, 97 Tex. 526, 80 S. W. 595, 598 and

authorities cited, 24 C. J. pp. 633 and 634; 39 Cyc. pp. 554-555.

A purchase by the trustee may be set aside without regard to its fairness or the price paid, Nabours v. McCord, supra, because "it is poisonous in its consequences," Crawford County Bank v. Bolton, 87 Ark. 142, 112 S. W. 398, 400. "The rule stands 'upon one great moral obligation to refrain from placing ourselves in relations which ordinarily excite a conflict between self-interest and integrity.'" Id. See, also, Wipff v. Hedér, 6 Tex. Civ. App. 685, 26 S. W. 118. A court of equity, when properly called upon, does not speculate or quibble when an administrator has acquired the title and possession of his trust estate or any part of it while acting in such capacity. It impresses it immediately with a constructive trust in favor of those beneficially entitled to it. A petition which plainly shows such a state of facts is sufficient, though it does not eo nomine call it a trust estate. It is not necessary to plead legal conclusions, nor state conclusions that are already made plain by the facts stated. The petition in the instant case meets this test. The fact that a fraudulent order was procured from a probate court as part of the scheme does not change the character of the action. We regard the allegations as to such order as only a part of the history of the fraud perpetrated. As we interpret this portion of the petition, its facts are sufficient to show that a trust estate was purchased by or for the trustee or administrator. The naked charge of such a purchase, coupled with appropriate allegations of ownership and a prayer for relief, would, it seems, have stated a cause of action upon this particular feature of the case. It is not necessary in such case to set aside the probate orders. They stand as made, but the character of the title which the holder has is stripped of its ostensible, and impressed with its real, character, viz., a trust estate. This has been pointedly held in cases whose facts closely parallel those of the instant case. From some of these we quote:

"The facts alleged in the petition and found to be true by the court below, are sufficient to establish a fraudulent combination between the executor and his co-defendant to deprive the appellants of their interest in the estate of Mrs. Hill, such as, were the property still in their hands, to authorize a court of equity now to charge it with a trust in their hands and to constitute them trustees for those entitled to the estate. *To do this, it is not necessary to set aside the decrees of the probate court ordering and confirming the sale.* [Italics ours.]

"If, for the preservation of the rights of those interested in the estate, it was necessary to set aside the decrees of the probate court through which the sales were made, that could not be done by an original proceeding in the district court, for under the present constitution the district courts have no original jurisdiction or control over the county courts. * * *

"In Rutherford v. Stamper (60 Tex. 450), it was held that a district court in an action of trespass to try title brought in the common form, with no averments which could invoke the equity powers of the court, could not set aside a sale made by an administrator at which he was indirectly the purchaser. "This would seem to be necessarily true; for, without the averment of such facts as will entitle a plaintiff to equitable relief, no such relief can be granted. It does not follow, however, from this, that upon proper averments a court of equity, while it leaves the legal title standing as directed to be made under the orders of the probate court, will not affect the fraudulent purchaser with a trust and compel him to hold the property as a trustee for those entitled to it. That a court of equity has this power there can be no question, and it matters not whether the fraud which calls it into operation occurred in procuring orders in probate through which sales were directed to be made and confirmed, or in the sales, or in the making of deeds in violation of the order of confirmation." Fisher v. Wood, 65 Tex. 204, 205.

"Unexplained, these allegations would show fraud on the part of the administrator and Lane in the proceedings resulting in the sale of the certificate. In McCampbell v. Durst, 73 Tex. 420, 11 S. W. 380, it was held, in a similar case, that it was a direct proceeding to vacate the deeds, which included the deed of the administrator of Durst's estate, and that it might be done, if the facts alleged were true, although the orders in probate stood. Without determining, however, whether the facts in this case would authorize the setting aside of the deed, we are clearly of the opinion that they are sufficient to charge the defendants as trustees of the legal title for the benefit of the plaintiff Martha Storer. Martin v. Robinson, 67 Tex. 369-381, 3 S. W. 550; Fisher v. Wood, 65 Tex. 204. As shown by the authorities cited, this does not violate 'the principle that the proceedings of a court of competent jurisdiction may not be collaterally attacked; for the proceedings leading to the sale, and investing the purchaser of the land with the legal title, may stand, and yet the holder of the legal title may be constituted a trustee for the benefit of the equitable owner. The facts alleged in the petition are sufficient to charge the defendants as trustees of the legal title for the benefit of plaintiff Martha Storer, and the defendants' demurrer should have been overruled unless it appears from the petition that the demand is stale." Storer v. Lane, 1 Tex. Civ. App. 250, 20 S. W. 852, 854.

See, also, Miller v. Carlton, 2 Tex. Civ. App. 382, 21 S. W. 605, 606; Heidenheimer v. Loring, 6 Tex. Civ. App. 560, 26 S. W. 99, 102; Shirley v. Warfield, 12 Tex. Civ. App. 449, 34 S. W. 390, 393; McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315, 321; Johnston v. Stephens, 49 S.W.(2d) 431 (Supreme Court opinion by Judge Cureton).

This is not strictly a trespass to try title suit, though the first count of the petition is in this form. If it were, the issue tendered would be only a contest between titles with nothing to call the equity powers of the court into action. Obviously in such a case there could be no collateral attack upon the orders of a probate court. Nor could the suit here be sustained if West were an innocent purchaser for value and without notice of the alleged fraud. If, however, West was only the conduit through whom the title passed to the administrator in violation of the statute and contrary to the universally recognized rule prohibiting such transactions, equity sees the title still in fact in the estate, though it has been clothed by the orders of the probate court with the habiliments of the law.

Under our view plaintiffs pleaded a cause of action upon the theory discussed, to one-half the property.

■ A new feature was introduced into this case by allegations intended to state a cause of action for the recovery of the interest in this estate which the mother of plaintiffs inherited from a minor child who died a few days after the death of its father, Arthur Kreis. Mrs. Arthur Kreis thereafter married one M. M. McGee. Before her death she conveyed this interest to D. F. Kreis for $200. Plaintiffs do not allege that Mrs. McGee died intestate, or that there is no administration pending upon her estate, or its status with reference to debts, nor do they make M. M. McGee, who owns an interest in her separate estate, a party to this suit. Certain allegations of fraud are made, sufficient, we think, to take the case to the jury, if proven, but in our opinion the petition should contain sufficient allegations to show that an estate, and plaintiffs' interest therein, would pass to plaintiffs if they prevail in their action for cancellation of the deed from Mrs. McGee to D. F. Kreis. The courts are not called upon to do a vain and useless thing, as would be the case if this property had either passed by a will or been absorbed by debts. Nor could the courts grant appropriate relief without the joinder of the parties who own an interest in this property.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Vigorous complaint is made of our failure to pass upon all of appellants' assignments.

Reasons for same appear in the original opinion. However, we have concluded that appellants are entitled to a fuller statement than appears on a former appeal with respect to two of their propositions.

■ Paragraph 19 of the opinion on the former appeal of this case disposes of the question raised as to the right of plaintiff Emeline Smith to recover by virtue of her acceptance and retention of compromise money given in settlement of a certain judgment therein fully described. Some of the language used by the writer of the opinion on the former appeal is perhaps not altogether accurate or full enough. We understand the rule in Texas to be that the husband is an indispensably necessary party, with certain exceptions, to suits for the recovery of the separate property of the wife. Article 1983, R. S. 1925. Nor is such necessity dispensed with by the broad language used in a subsequently enacted law embodied in article 4614. Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522.

■ Being a necessary party to the suit under the facts of this record, it logically follows, we think, that the husband's consent to a settlement was indispensably necessary. 30 C. J. page 748, § 362, and authorities there collated. This feature of the case has apparently remained unnoticed and any future trial will be governed by the above announcement.

■ A lack of authority in the attorney who filed a suit for Mrs. Smith et al. against the present defendants, prior to the instant one, either to file or compromise same is fully alleged in plaintiffs' petition, to which exceptions were sustained. Likewise a lack of knowledge, either of the pendency of such suit or that any judgment therein had been rendered when $400 was paid and retained by Mrs. Smith, is fully set out. That an attorney has no authority to settle a suit merely by virtue of his employment is well settled. 5 Tex. Jur. page 461, § 52. He must have special authority to do so. Id. An unauthorized compromise may be ratified, however, by a receipt and retention of the benefits of the transaction with knowledge of its character. 5 Tex. Jur. p. 465.

■ If, with her husband's consent, and with knowledge of the previous transactions in Childress county to which it related, Mrs. Smith received and retained the $400 paid in settlement of her claim to the land in controversy, she will be held to have ratified the judgment rendered against her and her husband. If she had no such knowledge, or if her husband failed or refused to consent thereto, any right she had to the lands in controversy remained unaffected thereby.

We will assume that pleadings and rulings

thereon will be governed by the above without further elaboration on our part.

A discussion in the original opinion of the cause of action relating to the McGee deed applies also to the cause of action attempted to be alleged with reference to the deed from Mrs. Minerva Kreis to D. F. Kreis, particularly in respect to the lack of allegations that Mrs. Minerva Kreis died intestate.

We decline to be drawn into a lengthy discussion of what we regard as immaterial matters under our holdings herein.

The motion is overruled.