*In re* STEVENSON and others, Bankrupts.

(*District Court, W. D. Pennsylvania.* April 25, 1881.)

1. BANKRUPTCY COURT—POWER TO SET ASIDE PRIVATE SALE.

For good cause shown the court may set aside a private sale of the real estate of a bankrupt made under its decree, even where the sale has been consummated and a deed delivered to the purchaser, if application by a party in interest to set the sale aside is made in due time.

2. SAME—SAME—BONA FIDE PURCHASER.

In such case the court may set aside the sale and vacate the decree under which it was made, notwithstanding the purchaser from the assignee, the next day after he received his deed, conveyed the title to his father, who claimed to be a *bona fide* purchaser.

In Bankruptcy. *Sur* petition of W. K. Jennings, administrator *de bonis non cum testamento annexo* of John Stevenson, deceased, to set aside a private sale of the real estate of the bankrupts, made by the assignee, as per order of court, to William M. McElroy.

*W. K. Jennings*, for estate of John Stevenson, deceased.

*John M. Kennedy*, for assignee.

*John Barton*, for purchaser.

ACHESON, D. J. The order authorizing the private sale in question was made during the present term of court, to-wit, on February 18, 1881, but it was not consummated by the delivery of the deed to the purchaser until February 26th, or later. The petition to set aside the sale was presented March 15, 1881. No report of the sale was made by the assignee to the court, and this, perhaps, was not necessary. However, I am clearly of opinion that for good cause shown the court has the power to set aside such sale, at least during the term at which the order to sell is made. Act of June 22, 1874, § 5062*b;* Bump, ——; Blumenstiel, 250; *In re Ryan,* 6 B. R. 235. The act of June 22, 1874, declares "that, unless otherwise ordered by the court, the assignee shall sell the property of the bankrupt, whether real or personal, at public auction, in such parts or parcels, and at such times and places, as shall be best calculated to produce the greatest amount with the least expense. � � � And the court, on the application of any party in interest, shall have complete supervisory power over such sales, including the power to set aside the same, and to order a resale, so that the property sold shall realize the largest sum."

Undoubtedly, this latter provision is broad enough to embrace a private sale of the real estate of a bankrupt made under an order of court authorizing it. And I am of opinion that, even where such sale has been consummated by a delivery of a deed, the court, in a proper case, may exercise the power to set aside the sale, if application is made within due time. Here, I think, it was made in due time; for we are in the same term at which the order to sell was made, and the application to set the sale aside, which is by a party in inter-

est, was made as soon as he learned the fact of the sale, and within 18 days after it was made.

W. K. Jennings, as administrator of the estate of John Stevenson, deceased, it would seem, is much the largest creditor of the bankrupts. His debt as proved amounts to $32,081.16, while the whole amount of indebtedness proved is something less than $80,000. Mr. Jennings is a home creditor, residing within the city of Pittsburgh, and personally well acquainted with most of the real estate in question. Most certainly he was entitled to notice of the application for the order to make the proposed private sale, and such was the view of the assignee, for he testifies that he had requested his counsel to give information to Mr. Jennings, and was under the impression it had been given. But, by some misapprehension, notice was not given Mr. Jennings; he knew nothing of the application, order, or sale until within three days of the presentation of his petition to set aside the sale.

When the assignee stated in his petition for leave to sell to William M. McElroy that he had "conferred with some of the principal creditors of said bankrupts, and they advise him to accept said offer," the court had a right to assume that the assignee had not overlooked the principal home creditor. And, indeed, it is shown that both the assignee and his counsel had good reason to believe that Mr. Jennings knew and approved the proposed sale. In that belief the counsel acted. The evidence before the court justifies the conclusion that the price at which McElroy bought is grossly inadequate. Certain it is that authority to make the sale to him at his offer would not have been granted had the facts now shown appeared to the court. It now appears that Mr. McElroy was the nominal purchaser only; that he was acting for E. L. Barton, the brother-in-law of A. K. Stevenson, one of the bankrupts, and that Stevenson negotiated with the assignee for the purchase. As the court would not have authorized the sale to McElroy if the facts had been disclosed, it cannot now give its sanction to that sale or permit it to stand. It is, indeed, true, that on the first day of March, 1881, McElroy conveyed the interest he acquired under his deed from the

assignee to E. L. Barton, who the next day made a conveyance for part of that interest to his father, John Barton, Esq. The consideration for the conveyance to the latter was an exchange of properties between the father and son. Mr. John Barton has been heard in opposition to the petition to set aside the sale to McElroy. In his answer and testimony he states that he was an entire stranger to the court proceedings, and knew nothing of the matter until after McElroy got his deed from the assignee, and that he made the exchange of properties with his son and took the conveyance from the latter in entire good faith. But, in view of the relations between the parties, and the peculiar circumstances of the case as disclosed by the testimony, I am of opinion that he is chargeable with the notice that the sale to McElroy was impeachable, and liable to be set aside by the court. The conveyance to Mr. Barton, Sr., under all the facts, in my judgment ought not and does not constitute any obstacle to an order setting aside the sale to McElroy and vacating the decree under which it was made. Such order will be made, and a public sale ordered, upon the filing of a bond, with approved surety, to secure the bid at public auction offered in the stipulation which accompanies the petition of W. K. Jennings.