### In re BURR MFG. & SUPPLY CO.

(District Court, E. D. New York. November 4, 1913.)

BANKRUPTCY (§ 269*)—SETTING ASIDE SALE OF PROPERTY BY TRUSTEE.

   A sale of property by a trustee set aside and a new sale ordered on conditions.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 370; Dec. Dig. § 269.*]

In the matter of the Burr Manufacturing & Supply Company, bankrupt. On motion to set aside sale. Granted on conditions.

Franklin Taylor, of New York City, for purchaser.

Rambaut & Wilson, of New York City, for second mortgagee and another.

B. Foody, Jr., of New York City, for third mortgagee.

Henry A. Blumenthal, of New York City, for trustee.

CHATFIELD, District Judge. The original order of sale was not correct in form, the proof of notice of sale is indefinite, and, while it makes a prima facie compliance with the law, yet the notices do not seem to have been received. As the parties had appeared in the proceedings, they should have been served personally or by attorney rather than by mail. The "sale" was only a receipt of bid by the auctioneer, and, if all the facts now shown had been presented to the court, it would seem that the sale would not have been confirmed. Further the order of confirmation was not on notice to the parties whose rights were cut off. All steps since that have been predicated on that order or on defaults by Myers, who (under the title of "trustee" but in fact exercising no legal trust) surrendered the security (mortgage and pledged stock), later tried to withdraw that surrender, and at all times has intervened to oppose everything except those applications which were made by the attorney for the trustee in bankruptcy, who acted as his attorney in proving the claim which he now seeks to withdraw.

One Hughes, who was largely interested in the third mortgage, has acted as agent for the second mortgagee and has attempted at all times to force a foreclosure in the state court and to prevent confirmation of sale herein. But he also, as agent for the second mortgagee, swore that the security for that was insufficient and made no attempt to protect the third mortgage in which he was interested, and this proceeding was based upon an appraisal by the broker who made the bid for the present purchaser.

The court is unwilling to find an estoppel where there are so many conflicting equities and where the purchaser was told at the sale that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his bid would not be accepted. On the other hand, there is no reason why Haff, Hughes, and Myers should be allowed to withdraw the surrender of their security and their general proof of claim. Nor should Mr. Myers be relieved of his defaults if he merely seeks now to drive a better bargain than he before thought possible.

The court will set aside the sale and all proceedings based thereon and order a new sale of the title of the bankrupt to the property, free and clear of all liens, on ten days' notice, if Mr. Haff or Mr. Myers or Mr. Hughes deposit, within three days, the sum of $500 (to cover expenses if no sale be confirmed and to cover in that event what may be allowed to Mr. Porter) and will agree to bid or produce a bid of not less than $7,500 (they have offered to bid $8,500) and consent to have the balance over liens and expenses go into the estate generally. The sale to be subject to confirmation, and no bid is to be considered of less than $7,500. Otherwise the motions to set aside proceedings and to withdraw proof of claim will be denied and the motion to punish Myers for contempt will be granted.