### TUCK et al. v. PATTERSON.
### No. 4329.

Court of Civil Appeals of Texas. Texarkana.
April 20, 1933.

330

Ben A. Harper, of Atlanta. Henderson & Bolin, of Daingerfield, and King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellants.

Elmer L. Lincoln, of Texarkana, Otto H. Atchley, of New Boston, and S. I. Robison, of Texarkana, for appellee.

LEVY, Justice (after stating the case as above).

The question for decision on appeal is specifically one of whether a state court can properly take jurisdiction and grant relief sought in the particular case. Considering alone the allegations in the petition preceding the prayer, which disclose the nature of the case, there is stated a cause of action based on such circumstances as equity will interfere and prevent a fraudulent or oppressive exercise of the right of sale of property scheduled in bankruptcy proceedings, or equity will lay hold of to create a trust. The affirmative remedy of cancellation of a deed may be had for fraud. 7 Tex. Jur. § 16, p. 906; 9 C. J. § 4, p. 1159; 2 Pomeroy Eq. Jur. (4th Ed.) § 889. Or, in alternative remedy, on the property thus acquired a constructive trust is impressed and the holder of the legal title holds the title so purchased as constructive trustee for the common benefit of all parties beneficially interested. 3 Pomeroy Eq. Jur. (4th Ed.) § 1053, p. 2405; 39 Cyc. § 6, p. 172; Miller v. Carlton, 2 Tex. Civ. App. 382, 21 S. W. 605, and other cases.

In keeping with the thought that more than one remedy may be authorized by the same facts, the plaintiffs have so framed their petition as to claim alternative relief. By the prayer relief at the hands of the court was asked either (1) to decree cancellation or avoidance of the deed made by the trustee in bankruptcy, or (2) by decree impress a constructive trust upon the property purchased and upon the profits made. The prayer is an essential part of the plaintiffs' petition and determines the character of the decree which the court, acting within its jurisdiction over the subject-matter, is called upon to render. Jordan v. Massey (Tex. Civ. App.) 134 S. W. 804; article 2003, R. S. In the relief or remedy first sought in the prayer, which was for cancellation of the deed and reclamation of the land from the purchaser, it is clear that a state court would not have jurisdiction to act. The bankruptcy proceedings were still open and not formally closed. A reclamation of the land from the purchaser would require the setting aside of the sale of the bankrupt's property by the trustee. Chicago, T. & M. C. Rwy. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39.

As has been held, the bankruptcy court is not deprived of jurisdiction to vacate a sale by the trustee, although there has been delivery of the deed, when procured by fraud, and when the title is still in the purchaser at the sale. In re Hyde (C. C.) 6 F. 587; In re Stevenson (D. C.) 6 F. 710; In re Burr Manufacturing & Supply Co. (D. C.) 209 F. 138. The validity of a trustee's sale in bankruptcy is not open to inquiry or impeachment in any collateral proceeding either in a state or federal court. Keller v. Faickney, 42 Tex. Civ. App. 483, 94 S. W. 103. But the alternative relief or remedy sought in the prayer, to establish and enforce a trust in the land of the bankrupt's estate after its sale by the trustee, belongs exclusively to the courts of equity, and the exercise of jurisdiction by the state court, to enforce the relief sought, would be in nowise conflicting or in interference with the jurisdiction of the bankruptcy court. The remedy would not require an avoidance of the conveyance made by the trustee nor reclamation of the land. To the bankruptcy court belonged the power to make sale of the land of the bankrupt estate and to confirm the grant to the purchaser. The very subject-matter of its jurisdiction is the disposition and distribution of the bankrupt's estate. The jurisdiction of the bankruptcy court, however, is exhausted and it loses its absolute power upon the sale and confirmation of the sale of the land. In the sale and disposition of the land there is complete and effectual execution of the powers given to the bankruptcy court of administration upon the land. It would have no jurisdiction, if ever granted, after the sale of the estate of the bankrupt, to declare trusts in the estate distributed or sold or to follow it up and impose conditions or limitations upon its use and disposition. The exercise of jurisdiction by the state court would arise and commence, and be rightly taken, to establish and enforce a trust upon the land, after the authority of the bankruptcy court over it had been lost and ended by the completed and effectual sale of it by the trustee in bankruptcy. The title of the property has passed out of the bankrupt and the trustee and the bankruptcy court has lost its absolute power over it. By way of analogy, and of controlling effect, is the rule established in the cases involving the imposing and enforcing of a trust in the estate after sale or distribution by the probate court. Fisher v. Wood, 65 Tex. 199; Martin v. Robinson, 67 Tex. 368, 3 S. W. 550; Bauman v. Chambers, 17 Tex. Civ. App. 242, 42 S. W. 564, 567.

The judgment is reversed and the cause remanded for trial.