## MISSOURI, K. & T. RY. CO. OF TEXAS v. JURICEK.

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1911.)

1. APPEAL AND ERROR (§ 660*) — RECORD — BRINGING UP.

District court rules 13, 14 (67 S. W. xxi) require that a party amending shall prepare and file a substitute, for the pleading amended, and that, unless the substituted instrument shall be set aside on exceptions, the original shall not be regarded as a part of the pleadings in the record, unless some error in deciding upon the necessity for the amendment be complained of, or it be necessary to look to the original plead-

ing on a question of limitation. Rule 84 (67 S. W. xxvi) provides that in making the record all proceedings in the case shall be entered in the order in which they occur, provided that amended pleadings shall take the place of the originals. *Held* that, where an amended answer has been actually filed as a substitute for the original, a motion to perfect the record on appeal by requiring the clerk to send up the original answer will be denied, where it does not appear in the motion that the amended answer was set aside on exception, or that it was necessary to look to the superseded pleading upon the issue of limitation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2844–2847; Dec. Dig. § 660.*]

2. APPEAL AND ERROR (§ 660*)—RECORD—MOTION TO PERFECT.

Plaintiff's motion to perfect the record on appeal by requiring the clerk of the district court to send up defendant's original answer, so that it might be inspected on the issue of due order of pleading, will be denied, where the motion, though containing allegations as to what was pleaded in the original answer, is not sworn to, and is not accompanied by a certified copy of that answer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2844–2847; Dec. Dig. § 660.*]

Appeal from District Court, Williamson County; Chas. A. Wilcox, Judge.

Action by Mrs. Anna Juricek against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appealed. On motion by plaintiff to perfect the record by requiring the county clerk to send up the original answer. Motion overruled.

Dickens & Dickens, for the motion.

JENKINS, J. [1] In this case appellee has filed a motion to perfect the record by requiring the county clerk to send to this court the original answer of appellant. The case was tried on the first amended original answer of appellant, which became a substitute for the original answer. Rule 13 (67 S. W. xxi) for the government of district courts. It is not made to appear in said motion that the said amended original answer was set aside on exceptions for a departure in pleading, or on any other ground. On the contrary, it appears that the same was not set aside; and it does not appear from said motion, nor from the record, that any exception was taken to the action of the court in reference to said amended answer, as required by rule 14 (67 S. W. xxi) for the government of district courts. This being the case, the clerk properly left said original answer out of the record. Rule 84 (67 S. W. xxvi). It does not appear from said motion that it is necessary to look to the superseded pleading upon the issue of limitation.

[2] The appellee desires said original answer sent up to this court in order that we may inspect the same on the issue of due order of pleading. Said motion contains certain allegations as to what was pleaded in

the said first amended original answer, but said motion is not sworn to, and is not accompanied by a certified copy of said answer.

For the reasons hereinabove stated, said motion is overruled.