## KREIS et al. v. KREIS et al.
### No. 3532.

Court of Civil Appeals of Texas. Amarillo.

Feb. 4, 1931.

Rehearing Denied March 18, 1931.

Williams & Bell, of Childress, for appellants.

E. E. Diggs, of Childress, for appellees.

RANDOLPH, J.

This was a suit by appellees against appellants, instituted in the district court of Childress county. From an adverse judgment, the defendants below, appellants here, have appealed.

The plaintiffs, Arthur B. Kreis, Ruth Kreis Robertson, joined by her husband, J. C. Robertson, Emeline Topsy Kreis Smith, joined by her husband, A. R. Smith, sued the defendants, Lizzie Kreis, Henry L. Kreis, Benjamin Kreis, Bessie Kreis, Annie Kreis Murphy and husband, William Murphy, Mary Kreis, Herman Kreis, Ruminy (or Minnie) West, her husband, A. West, and Albert K. Whitesides.

The plaintiffs' petition consisted, first, of a formal action of trespass to try title; and, second, in the alternative, a special plea setting up substantially as follows: That the plaintiffs, except the husbands of the two named therein, were the children and all the children of Arthur B. Kreis and his wife, Tolitha Kreis, both deceased, and that the defendant Lizzie Kreis is the surviving wife of D. F. Kreis, deceased, and that defendants Henry L. Kreis, Benjamin Kreis, Bessie Kreis, Annie Kreis Murphy, Mary Kreis, and Herman Kreis, are the children and all the children of D. F. Kreis, deceased, and his surviving wife, Lizzie Kreis; that Ruminy West is a sister of D. F. Kreis, deceased, and that defendant Albert K. Whitesides is the lessee of part of the lands in controversy; that J. M. Kreis and his wife, Minerva B. Kreis, are both deceased, and were the father and mother of said D. F. Kreis, deceased, Arthur B. Kreis, deceased, and Mrs. Ruminy West, one of the defendants herein, and that the three last named were the children and

all of the children of said J. M. Kreis and Minerva B. Kreis.

Plaintiffs further alleged in said petition that J. M. Kreis and wife, Minerva B. Kreis, were, during the year 1898, possessed of certain community property, including the lands and property in controversy, all situated in Childress county, and that during said year J. M. Kreis made advancements to D. F. Kreis and Ruminy West, two of their children, and that such advancements were made with the advice and consent of his wife, Minerva B. Kreis; that at that time Arthur B. Kreis, the third child, was about 16 years of age, and received no part of the estate of his father; that on the 19th of May, 1898, the said J. M. Kreis made and executed his will, whereby he gave to his third child all of his estate, both real and personal, of which he should die seized and possessed and which he would be entitled to at the time of his death, and in said original will appointed his oldest son, D. F. Kreis, as sole executor; that by codicil to said original will, dated November 10, 1899, it was provided by the said testator that Arthur B. Kreis should, upon the death of the testator, come into the full control of the property bequeathed and devised by said will, and without probate; that on the 19th day of October, 1901, the said J. M. Kreis made a second codicil to his will by which he provided that his wife, Minerva B. Kreis, should have one-half interest in the property at his death to hold unless she remarried, when it should then revert to Arthur B. Kreis.

Plaintiffs further alleged that it was the intention of the said J. M. Kreis by his will and codicils to dispose of all of the community estate of himself and wife, Minerva B. Kreis, and that she knew and approved of same and acquiesced therein and accepted under the will. It is also alleged in said petition that after the death of J. M. Kreis, which occurred on or about the 2d of May, 1902, said will was duly probated upon application of Arthur B. Kreis, by the county court of Childress county, Tex., and in this connection plaintiffs allege that, in entering the will and codicils on the probate records of Childress county, the clerk incorrectly wrote the same thereon and particularly incorrectly transcribed the second codicil thereto, and in this connection also plaintiffs alleged that said incorrect entry of the record was in some way fraudulently procured by D. F. Kreis, and that in fact all of the lands which were the community property of J. M. Kreis and wife passed by the provisions of said will to Arthur B. Kreis, subject only to a life estate in one-half thereof to Minerva B. Kreis; that Arthur B. Kreis died intestate in Uvalde county, Tex., on or about the 19th of May, 1910, and that the said Minerva B. Kreis died in Uvalde county on or about the 14th of December, 1917; that subsequent to the death of Arthur B. Kreis, his surviving wife, Tolitha Kreis, was married to one McGee, and that she died on or about the 14th of July, 1915; that, shortly after the death of Arthur B. Kreis, his brother, D. F. Kreis, on the 10th of July, 1910, made application to the county court of Uvalde county to be appointed as administrator of said estate, and was so appointed and qualified and gave bond, with A. West and J. J. Taylor as his sureties, and that said administrator returned into court an inventory and appraisement of the estate of said Arthur B. Kreis wherein a part of the lands in controversy were listed as belonging to said estate, but that said inventory and appraisement was afterwards amended and made to show that the said Arthur B. Kreis only owned a half interest in the land and that the other half interest was owned by Minerva B. Kreis, who was the surviving wife of J. M. Kreis; further, that said amended inventory and appraisement was fraudulently made and filed by D. F. Kreis.

Plaintiffs further alleged that certain acts on the part of D. F. Kreis in connection with the handling of said estate were fraudulent and fictitious, and that D. F. Kreis, on the 30th of August, 1911, and while he was acting as the administrator of the estate of Arthur B. Kreis, fraudulently procured from his mother, Minerva B. Kreis, who was also the mother of Arthur B. Kreis, a warranty deed for the recited consideration of $4,000 paid, conveying to him (D. F. Kreis) an undivided half interest in the rural lands in question, which said deed was duly recorded in the deed records of Childress county; further, that said consideration was not, in fact, paid, and that said deed was without consideration; that said Minerva B. Kreis was precluded from executing said deed and conveying said property for the reason that she had accepted under the will of J. M. Kreis, her husband, which will bequeathed unto Arthur B. Kreis the whole of said property, and that said deed was void and conveyed no part of said land to D. F. Kreis.

Plaintiffs further alleged that on May 23, 1914, D. F. Kreis, as such administrator, made application to the county court of Uvalde county, the court in which said administration was pending, to sell the alleged half interest in the land belonging to the estate of Arthur B. Kreis for the purpose of paying alleged indebtedness against said estate aggregating $6,347.13, of which sum $4,499.60 was alleged to be indebtedness due to Minerva B. Kreis; that upon said application the court entered an order to sell said land for such purposes and thereafter a sale was reported to A. West and was approved and deed ordered executed in consideration of the sum of $4,304, and that said deed was so executed,

824

reciting the payment of said money, and same is duly recorded in the deed records of Childress county; that ·thereafter the said A. West, joined by Minerva B. Kreis, executed and delivered to D. F. Kreis a deed to said half interest in said land for a recited consideration of $5,000, when in truth and ·in fact A. West did not pay unto D. F. Kreis the consideration recited in said deed and the same was without consideration, and in truth and in fact D. F. Kreis did not pay to A. West and Minerva B. Kreis the consideration recited in the last-mentioned deed, but that each and all of the transactions were fraudulent and were a part of the conspiracy on the part of D. F. Kreis and A. West to acquire the title to said lands for D. F. Kreis and to deprive the plaintiffs of the title thereto. Plaintiffs further alleged that Arthur B. Kreis was not indebted to Minerva B. Kreis in any sum, and that the claim of $4,499.60, for which said land was sold, was fraudulent, fictitious, and void.

Plaintiffs further alleged that about August 28, 1912, and while the administration upon the estate of A. B. Kreis was still pending in Uvalde county, Minerva B. Kreis, by a plea of intervention in said case, set up a claim of a three-fourths interest in said land, claiming her community interest of one-half thereof and claiming an additional one-fourth of the whole under the provisions of the will of her husband, J. M. Kreis, it being her contention that J. M. Kreis purported to dispose only of his community half of said property and that by the provisions of his will he bequeathed to her one-half thereof with the provision that, if she should subsequently marry, it should revert to Arthur B. Kreis, and it is alleged that this claim on the part of Minerva B. Kreis was procured by D. F. Kreis.

Plaintiffs further, by definite and specific allegations, alleged that each and all of the accounts against the estate of Arthur B. Kreis, deceased, which estate was pending in the county court of Uvalde county, and which accounts were reported by the administrator to have been allowed and paid, were fraudulent, fictitious, and void, and further that the claims allowed against said estate by the court for which said half interest in said lands was sold, were fictitious and void, and did not constitute valid claims against said estate, although allowed by the court.

Plaintiffs further alleged that Minerva B. Kreis died leaving a will by which a portion of the town property involved in this litigation was devised and bequeathed to Ruminy West, and that said will on the part of Minerva B. Kreis was procured by the undue influence of her daughter, Ruminy West, and by D. F. Kreis; that a certain judgment entered in the district court of Childress county, at the May term, 1927, in cause No.

1504, styled Emeline Smith et al. v. Henry L. Kreis et al., whereby the title of the defendants in that suit, who are also defendants in this suit, was quieted, was obtained by fraud and is of no force and effect.

The defendants Ruminy West and husband filed their disclaimer to all of the rural lands described in the plaintiffs' second amended original petition and involved in this litigation, and each and all of the other defendants filed their disclaimer to the town property in question.

Defendants also filed in due order of pleading a plea of former judgment and their answer containing general and special exceptions, general denial, and plea of not guilty, and specially pleaded their title to a half interest in the rural lands obtained through the sale thereof under the order and judgment of the probate court of Uvalde county, made on August 19, 1914, and which said sale was approved by the judgment of said court, and which said judgment became final, no appeal being taken therefrom, and that plaintiffs did not, within two years thereafter, or within two years after they became of lawful age or had their disabilities removed, in any manner appeal from said judgment or bring any direct proceedings in said probate court to revise and correct said judgment. Defendants further pleaded the three-year statute of limitation, and further that the plaintiffs had theretofore, with the knowledge of the filing of suit No. 1504 in the district court of Childress county and with knowledge of the entry of judgment therein, accepted the benefits accruing to them under said suit and judgment, particularly the said Emeline Topsy Kreis Smith, with full knowledge of the entry of said judgment, had accepted from her attorney her pro rata part of the money paid by said defendants in consideration of the entry of said title and quieting of said title, and that she and they had become estopped to deny the authority of said attorney to bring and maintain said suit for them and to agree to a settlement thereof and the entry of said judgment; further specially pleading that the matters and controversies involved in this suit have heretofore been adjudicated in cause No. 1504, styled Emeline Smith et al. v. Henry Kreis et al., in the district court of Childress county, Tex., and that said judgment had become final, and specially pleaded that there had been an accord and satisfaction of the controversies theretofore existing between the plaintiffs and defendants relative to the title to the rural property described in plaintiffs' petition.

When the case was called for trial on June 16, 1930, the plaintiffs, with leave of the court, filed a trial amendment to their second amended original petition, wherein they set

up that the will and codicils thereto of the said J. M. Kreis were not recorded in the probate minutes of Childress county, but were recorded in the Will Records thereof at pages 14 and 15, and that the codicil, dated October 19, 1901, was incorrectly and erroneously entered in said Will Record by the clerk, and made to read so that Minerva B. Kreis should hold a half interest in said property and "to have Dave manage, and that it shall divert back to Arthur Kreis, my son, in case she marries again, when this will shall be of no effect, and said property shall go back to Arthur Kreis"; it being specially pleaded that such entry of said codicil as a part of said will in said will record was incorrect and erroneous and was procured fraudulently by D. F. Kreis.

In answer to this trial amendment, the defendants specially pleaded that said trial amendment was an attempt to construe the will. of said J. M. Kreis, deceased, and was barred by the four-year statute of limitation.

The plaintiffs, with leave of the court, filed their second trial amendment wherein the plaintiff Emeline Topsy Smith, joined by her husband, tendered into court to the defendants the sum of $466.75, being the amount, with interest thereon, which she had theretofore accepted from her attorney, R. H. Templeton, as her pro rata part of the money paid by the defendants to the plaintiffs in consideration for the entry of the judgment in cause No. 1504 in the district court of Childress county, by which judgment defendants had the title to the rural lands quieted as to the plaintiffs' claims.

The defendants specially pleaded that said tender came too late, as the said Emeline Topsy Smith had theretofore testified that she had accepted the same as her portion and interest in the said lands.

Other statements of the pleadings and evidence will be made later where necessary in the discussion of the questions raised on this appeal.

It was admitted that the property in question was the community property of J. M. Kreis and his wife, Minerva B. Kreis, and that they are the common source of title between the parties hereto.

Appellants' first proposition presenting alleged error is as follows: "The defendants Lizzie Kreis, Henry L. Kreis, Benjamin Kreis, Bessie Kreis, Annie Kreis Murphy and husband William Murphy, Mary Kreis, Herman Kreis, and Albert K. Whitesides, neither having nor claiming any right, title or interest in the town property sued for by plaintiffs, each having filed their disclaimer thereto herein, and Ruminy West and her husband A. West, who are the remaining defendants, neither having or claiming any right, title or interest in and to the rural property sued for and having disclaimed thereto and there being no community of interest in said property as to the several defendants, there was a misjoinder of causes of action and parties herein."

It will be observed, as stated above, that the plaintiffs' petition consists of a formal action of trespass to try title and an alternative plea setting out at great length, first, that the will of J. M. Kreis attempted to dispose of the community property of himself and his wife, Minerva B. Kreis, to Arthur B. Kreis, and that the wife accepted under the will and thereby parted with her community interest in the same by estoppel. If this was true, the other children, the D. F. Kreis heirs and Mrs. Ruminy West, were necessary parties to the determination of this question. Whatever may have been the rights of the defendants as between themselves, the plaintiffs were entitled to have all of the parties who could claim by inheritance as parties to the suit. Again, the second count of plaintiffs' petition charges a conspiracy between D. F. Kreis and A. West to vest the title to the several lands in D. F. Kreis and that by a will fraudulently obtained other property in A. West and Ruminy West. Further, the second count alleges a common source of title of the plaintiffs and defendants, and, their claims all originating from that source, there was no misjoinder of parties or of subject-matter. The allegations of the petition abundantly show the necessity for making all of the defendants parties and permit the suit for the various tracts of real estate in controversy being brought in the one suit, and the defendants cannot defeat the jurisdiction of the trial court by filing disclaimers of ownership to separate tracts.

The Texas courts, there being no distinction between the forms of action at law and in equity, where there is no Code provision expressly designating what causes of action may be joined, such matter is left very largely to the discretion of the trial court, and the tendency of our courts has been to permit a joinder of different causes and prevent a multiplicity of actions wherever possible. 1 C. J. 1074, § 224.

In the case of Cobb v. Barber, 92 Tex. 309, 47 S. W. 963, 964, the Supreme Court lays down the rule that "our system does not favor the bringing of a multiplicity of suits and therefore permits all causes of action growing out of the same transaction to be joined and all interests in the same property or fund to be litigated and the equities of the parties adjusted in the same suit.

See, also, Cardwell v. Masterson, 27 Tex. Civ. App. 591, 66 S. W. 1121; Clegg v. Varnell, 18 Tex. 294; Alford v. Williams, 41 Tex. Civ. App. 436, 91 S. W. 636.

A suit to recover possession of land may be joined to a suit to set aside a judgment. Moore v. Snowball, 98 Tex. 16, 81 S.

W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; Schneider v. Sellers, 25 Tex. Civ. App. 226, 61 S. W. 541.

"It is a general rule that several causes may be joined if the rights of action accrued to the plaintiff or plaintiffs and against the defendant or defendants in the same capacity, provided the causes are so related that an investigation of one necessarily develops the facts with reference to the other, or at all events, where the matters are of the same nature, the relief sought is similar and they can be heard together without confusion or uncertainty." 1 Tex. Jur. 660, § 45.

Causes against several defendants may be joined if they affect all of the defendants, even though different judgments are sought against the several defendants. Id. 660, § 45; McCormick v. Blum, 4 Tex. Civ. App. 9, 22 S. W. 1054, 1120.

Where the entire controversy grows out of the same transaction and depends upon the same evidence, there can be no valid objection to the joinder or inclusion of two tracts of land in the same suit. Murrell v. Wright, 78 Tex. 519, 15 S. W. 156.

"'A leading principle in our law and system of procedure is to avoid a multiplicity of suits and to settle in one action the respective claims of parties when they are of such a nature as to admit of adjustment in that mode.' Thomas v. Hill, Administrator, 3 Tex. 270; Fitzhugh v. Orton, 12 Tex. 4." Hudmon v. Foster (Tex. Com. App.) 231 S. W. 346, 348. See also Milam v. Hill, 29 Tex. Civ. App. 573, 69 S. W. 447.

We are of the opinion, therefore, that the petition does not show a misjoinder of parties or of subject-matter, and therefore overrule the appellants' first proposition.

The appellants' second proposition is as follows: "The allegation in plaintiffs' second amended petition that Minerva B. Kreis accepted under the will of J. M. Kreis is but a conclusion of the pleader and is insufficient as an allegation of acceptance in that it fails to allege and set forth the acts on her part which would constitute such acceptance, as well as the benefits she received under the will inconsistent with her rights as community survivor and that she knew the value of such estate, its rents and revenues, and further, that with full knowledge of her rights, after the death of her husband, she either expressly accepted under the will or by her acts and conduct manifested an intention to do so, and defendants' special exceptions to said petition upon said ground should have been sustained."

That portion of the plaintiffs' second amended petition, which relates to such acceptance under the will, is as follows: "That it was intended in said will and codicils and by the conveyances and bills of sale aforesaid and they did, in fact, dispose of all of the community property of said J. M. Kreis and his wife Minerva B. Kreis, and she knew and approved of the same and acquiesced therein, and accepted the conveyances to her separate estate as her part of the community estate because of the love and affection for her said son Arthur and because the other two children had received their just proportion of the whole community estate of their father and mother by the conveyances and bills of sale to them above named, and agreed and consented that said will will be probated and at all times prior to just a short time before her death, agreed to and did take under said will as above named and observed and was bound by all of its provisions that Arthur should have the whole community estate of herself and husband, except a life estate in one-half interest as provided in the last named codicil, and she continued to live with her said son Arthur until his death, as one of his family and shared with him the earnings and rents of all of the property bequeathed by her husband and she stated frequently that she did not claim anything in said estate except a life interest and she managed and controlled her half interest in said property during her life to the exclusion of her said son Arthur B. Kreis and used the same for her own special benefit and declared that she wanted Arthur to have it all at her death as provided by the will of her husband J. M. Kreis, deceased."

If we concede the rule to be as alleged by appellants, that a judgment cannot be based upon a pleaded conclusion of law not warranted by the facts pleaded, we cannot apply such rule to the pleadings here in question. The pleading above quoted may be in part a conclusion of fact, but the very pleading in question also alleges the facts upon which the conclusion is based and the benefits which operated to cause Mrs. Minerva B. Kreis to accept the will. It is also alleged that it was intended by said will and codicils that same did, in fact, by said conveyances and bills of sale, dispose of all of the community property of said J. M. Kreis and Minerva B. Kreis, and that said Minerva B. Kreis knew and approved of same and acquiesced therein and accepted same as her part of the community property, because, first, her love for her son Arthur, to whom said community estate was willed; second, because the other two children, D. F. Kreis and Ruminy West, had already received their just proportion of the whole community estate of their father and mother, and that at all times prior to her death, Minerva B. Kreis agreed to and did take under the will and was bound by the terms of the will. It is apparent from the language of this part of the plaintiffs' petition that it is charged that Mrs. Kreis, the wife, was so intimately acquainted with the property sought to be disposed of by the will

that the trial court and this court are authorized to conclude that Mrs. Kreis knew the actual value of the property disposed of under the will, and that later she appropriated her part of the rents accruing from her life estate willed to her and thereafter resided with her son Arthur B. Kreis until his death. It is charged by the petition that the will and codicils of J. M. Kreis were probated in Childress county in 1902, and thereafter Mrs. Minerva B. Kreis lived with her son Arthur, as stated, until his death in 1910. The petition on its face is sufficient. Caldwell v. Haley, 3 Tex. 317; Townes on Pleadings (2d Ed.) 407 et seq.; Negociacion Agricola y Ganadera de San Enrique v. Love (Tex. Civ. App.) 220 S. W. 224.

We therefore hold the petition sufficient in point of allegation.

▪ That J. M. Kreis by his will disposed of all of the community property of himself and his wife is not apparent on the face of the will. The will and codicil No. one are as follows:

"The State of Texas, County of Childress.

"Know all men by these presents: That I, J. M. Kreis, of said State and County, being of sound mind and memory and being desirous and anxious to settle my worldly affairs, make this my last will and testament, hereby revoking any and all former wills by me made.

"First: I give, bequeath and demise to my minor son Arthur Kreis all of my estate both real and personal of which I shall die seized and possessed or to which I shall be entitled at the time of my decease.

"Second: I nominate and appoint my son D. F. Kreis to be the sole executor of this will and direct that no security shall be required of him.

"Third: It is my will that no action shall be had in the county court in the administration of my estate, other than to prove and record this will and to return an inventory and appraisement of my estate, both real and personal.

"In Testimony whereof I have hereto set my hand, this 19th day of May, A. D. 1898.
"J. M. Kreis."

"County of Childress, State of Texas. Nov. 10, 1899.

"After reconsidering my will I want to change that part of it that D. F. Kreis is to administer on Arthur Kreis part of property. I want Arthur to have full control of it to do as he pleases with it, without probate as it is all divided now so my last will is that Arthur is to come in full control of said property after I am dead without any constraint on him to do as he pleases with it. So I hope and pray that this request may be heeded as I think for the best of all concerned. I make this change for reasons best known to myself. So I hope it will be done according to my wishes. I leave this in this book that all

may know what my last request is & do as I have dictated to which I affix my name this —— day of our Lord, Nov. 10, 1899.
"J. M. Kreis."

So far as the will on its face discloses, there is no language used by the testator which indicates any intention to dispose of his wife's community interest. The language, "all of my estate * * * of which I shall die seized and possessed or to which I shall be entitled at the time of my decease," and the further reference therein to "my estate," can only refer on its face to the property owned by him.

▪ Under the statutes of Texas defining community property, the surviving spouse has an undivided one-half interest in the entire estate, not as heir, but as owner. Slavin v. Greever (Tex. Civ. App.) 209 S. W. 479. Where the husband's will disposed of "my estate," it was his interest alone which was disposed of. Slavin v. Greever, supra.

The Supreme Court of Texas, in the case of Avery v. Johnson, 108 Tex. 294, 192 S.W. 542, 544, Chief Justice Phillips for that court says: "Where a testator owns a partial interest in land and the disposal of the land is the subject of his will, it is only where the intention to treat and devise the entire land as his own is revealed by clear and unequivocal language that the will is to be construed as the disposition of more than his own interest, putting the co-owner of the land to his election whether he will take under it because of its conferring upon him, by other provisions, some benefit from the testator's estate which, but for the will, he would not receive. The law presumes that no man will attempt a testamentary disposition of the property of others. It deprives no man of his property merely by conjecture. Therefore, for a will to be given the effect of an attempted disposition of property not owned by the testator, it is required that the language of the will conclusively evidence such a purpose. In such cases it is not sufficient that the will may be construed as revealing such an intention. It is necessary that it be open to no other construction"—citing a number of authorities.

In the case at bar, the will of J. M. Kreis is not ambiguous. He was charged with a knowledge of the law which gave him only a half interest in the community property, and the language used by him, both in the will and in the codicils, presents no ambiguity and cannot be given any other construction save that he was making disposition of only his own property. In codicil No. 2 he uses the language, "I have reconsidered my will and changed it to this, that my wife shall hold one-half interest in said property," referring to the property described in the will, and providing that it revert to his son Arthur in the event his wife remarried. The testator was of foreign birth and raising, and we give the

interpretation to his language in words of common use.

In the case of Avery v. Johnson, supra, the Supreme Court quotes from 2 Underhill on Wills, § 730, as follows: "If the testator's language is cloudy or doubtful or ambiguous in meaning, so that it may be consistent with the intention of the testator that the person who has an interest in the property which he attempts to dispose of shall retain that interest and shall also hold what the will gives him, he will not be put to his election."

In the case at bar, the benefit received by Mrs. Kreis under the first codicil was only such as would come to her anyway by her ownership of one-half of the estate. On the death of her husband she continued to reside with her son Arthur until his death. She shared equally with him in the rents and revenues of the property. This she was entitled to do under her right as owner of the one-half of the community property. She may have expressed herself as being desirous that Arthur should get all of the estate, but such an expression was not a present acknowledgment that she had no interest as the owner of the one-half, but rather the expression of one who had an intention to see that this son did get it, especially in view of the fact that the other children had received their proportion of the community property.

■ However, be that as it may, the language of the will, not being ambiguous, and it clearly appearing that J. M. Kreis by said will intended only to dispose of his own interest in the community property, evidence of facts and circumstances offered in evidence in an effort to show an acceptance by Mrs. Kreis under the will was not admissible to give another meaning to the language of the will than its plain language warranted.

This disposes of the question of whether or not the will disposed of other than the husband's interest in the estate, and we hold that Mrs. Kreis was not put to an election by the terms of the will.

■ The questions of the validity of the judgment of the probate court of Uvalde county in the matter of the estate of Arthur B. Kreis, deceased, will now be considered. There can be no question that the attack launched against the judgment and orders of that court in this case is a collateral attack on a judgment rendered by a court of general and competent jurisdiction. Arthur B. Kreis was a resident of Uvalde county. He died in that county on May 19, 1910, intestate, leaving an estate consisting of lands in Uvalde and Childress counties, and there were debts owing by said estate; notice was given thereof as required by law.

These jurisdictional facts were sufficient to give that court jurisdiction to grant the administration. The required and statutory bond was duly given and the oath taken by the administrator. The proceeding at bar, not being instituted in the county court in which the administration was granted, constitutes this proceeding a collateral attack upon such orders, judgments, and decrees of the county court of Uvalde county. The attack made upon the orders of the probate court approving the various claims against the estate should have been made in that court for review, and the reason why it was not done, that the children of Arthur B. Kreis were minors and were ignorant of the proceedings in that court, cannot avail them to vest jurisdiction in the district court of Childress county. They must have invoked the jurisdiction of the probate court, the court rendering the judgment and entering the orders.

If the plaintiffs had sought to set aside the sale of land belonging to said estate and the proper allegations of the invalidity of the sale had been made, relief cannot be granted them for another reason. Their petition is not an effort to set aside the sale of the land, but only a declaration of the invalidity of certain orders and decrees in which they claim the invalidity of the matters passed on by the Uvalde court. This, as stated, being a collateral attack on a judgment of a court of competent jurisdiction, the attack should have been made in time in that court.

■ Again, the attack on the sale under the probate proceedings because the administrator of the estate sold the land to A. West, his brother-in-law, and then received a deed from said West to himself, is a badge of fraud which might entitle them, upon proper pleadings and proof, to set aside the sale, but the plaintiffs' pleading and the relief sought by them is not a pleading to set aside the sale upon account of the administrator having purchased the estate, but is an attack upon claims allowed by the Uvalde court, and neither of these attacks are followed by any prayer appropriate for relief. The plaintiffs' pleading alleges that on the 23d day of May, 1914, said D. F. Kreis, administrator, made application to the county court of Uvalde county to sell the alleged undivided interest in the land last above named, owned by said estate, to pay claims in the aggregate sum of $6,347.13, of which said sum $4,499.60 was alleged to be an indebtedness to Minerva B. Kreis and that the administrator procured an order of the court to sell said land for said purpose and on the 11th day of June, 1914, and without any order of the court approving the sale, made a deed conveying to defendant, said West, an undivided one-half interest in said land for the recited consideration of $4,304 in hand paid, which said deed was duly recorded, etc., and that, after an order of the court approving said sale was made on the 17th of August, 1914, another

deed was executed by the administrator to West, which was recorded in Childress county on November 20, 1914; and, further, that on the 9th day of November, 1914, before the filing for record of the last above named deed, said administrator caused and procured of said A. West and the said Minerva B. Kreis, to execute a warranty deed to him, whereby, for the recited consideration of $5,000 in hand paid, they purported to convey to said D. F. Kreis said undivided one-half interest in said lands named; that in truth and in fact said A. West did not pay the consideration recited in said deed by said D. F. Kreis, administrator, to him, or any other sum or consideration whatever, nor did the said D. F. Kreis pay to said A. West and Minerva B. Kreis the consideration named in the deed purporting to convey said lands to him, or any other sum, but each and all of said transactions were fraudulent conspiracies on the part of said D. F. Kreis, aided and abetted therein by said A. West, to himself acquire the title to said lands; that in truth and in fact the said Arthur B. Kreis, father of the plaintiffs herein, was not indebted to Minerva B. Kreis in any sum whatsoever, and was never so indebted to her, and the alleged claim by her against said estate was fraudulent, fictitious, and void, and that, as heretofore alleged, said Minerva B. Kreis had never at any time theretofore claimed the title or interest in said land, but on or about the 28th day of August, 1912, and after Tolitha Kreis, surviving wife of Arthur B. Kreis, etc. Conceding the facts to be as alleged, we cannot go into the matter of the sale of the administrator to himself for the reasons later set out herein.

It is apparent from the allegations quoted that the plaintiffs are attacking the validity of the claims against the estate of Arthur Kreis, deceased, a matter wholly within the jurisdiction of the probate court of Uvalde county, and that the purchase of the lands of the estate by the administrator is only mentioned incidentally. No relief is sought by praying that the sale be set aside for the fraud of the administrator in purchasing indirectly what the law forbids him to do directly or any relief to declare such actions on his part void and of no effect. The only prayer for relief contained in the petition is the following: "Wherefore, all the defendants having been served with citations herein, and having answered, plaintiffs pray judgment for the recovery of the title and possession of all of the property hereinabove named; that they have their writ of possession; that all title be diverted out of the defendants and each of them; that plaintiffs have and recover their costs in this behalf expended and that they have all relief, both general and special, to which they may be entitled, either in law or equity."

As stated, the plaintiffs' allegations do not assert that they are attacking the sale of the land by the administrator to himself on the ground that the law prohibits such sale and that same was absolutely void.

The rule is that a judgment in a probate court, within its jurisdiction, is presumed to have been regularly made and entered, and, until set aside in a proceeding commenced for the purpose in the court which rendered it, is conclusive of the matters it determined. Tannery v. Pirtle (Tex. Civ. App.) 19 S.W.(2d) 862, and authorities therein cited.

Applying this rule to the question raised by appellees that the claims upon which the sale by the administrator of A. B. Kreis' estate were based, we hold that it was within the jurisdiction of the county court to pass upon the very question as to whether or not such claims were due or were fictitious or void, and that court, having assumed to act in the matter of the sale and being a court of competent jurisdiction, its orders were not subject to collateral attack. That the plaintiffs' suit is a collateral attack is beyond question.

The Supreme Court, in the case of Crawford et al. v. McDonald, 88 Tex. 626, 33 S. W. 325, 328, settles this question adversely to appellees. In that case the Supreme Court says: "The question, then, is, can this judgment of confirmation of sale, rendered by a domestic court of general jurisdiction of estates of decedents, in a matter to which its jurisdiction had attached by the granting of an application for an order of sale in a pending administration, be attacked by evidence of matters dehors the record? The proper determination of this question on sound legal principles is of the greatest importance, since, on the one hand, great injustice may sometimes result to persons against whom judgments are asserted, by a rule precluding inquiry, even in a collateral attack, into matters dehors the record affecting the validity of such judgments; while, on the other hand, if such evidence be allowed, no title held under a judgment of any court, however regular its proceedings appear, would be of much value, as such collateral attack can be made after any lapse of time, it not being an action or suit within the meaning of any statute of limitations, but merely a means of rebutting and destroying the effect of the judgment as evidence; and the attack, if successful, establishes the nullity of the judgment from its inception, under which no one, however innocent, can acquire many of the rights which the courts, under settled rules of law, will protect where the judgment is attacked directly. The general rule is well established that a judgment rendered by a court even of general jurisdiction is void if it had, at the time of the ren-

dition of the judgment, no jurisdiction of the person of the defendant or the subject-matter of the litigation. This principle is self-evident, because until the court acquires jurisdiction it has no power to proceed to investigate and determine private rights. Logically, it can make no difference as to the validity of the judgment whether the lack of jurisdiction of the person or the subject-matter appears from the face of the record or is made to appear by evidence aliunde; for if, for instance, no service was had upon the defendant, he not appearing in the case, the court, having no jurisdiction whatever over his person, is absolutely without power to bind him by an adjudication that he had been in fact duly served; and, logically, this want of power is the same whether the lack of jurisdiction appears on the face of the record or not. There is, however, another rule of law, equally well settled upon principles of public policy, which precludes inquiry by evidence aliunde the record in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Therefore it is well settled that, where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically, the judgment is, in fact, void, but on grounds of public policy the courts, in order to protect the property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore, for all practical purposes, in such collateral attack, the judgment is held valid. This rule is analogous to, and probably as important as, the rule forbidding the introduction of verbal testimony to vary or contradict the terms of a written contract, except in a proceeding instituted for the purpose of correcting, reforming, or annuling the same. These principles have long been acted upon by this court as applicable to judgments of the district, probate, and justice courts and have become settled rules of property in this state. Murchison v. White, 54 Tex. 78; Williams v. Ball, 52 Tex. 603 [36 Am. Rep. 730]; Brown v. Christie, 27 Tex. 73 [84 Am. Dec. 607]; Heck v. Martin, 75 Tex. 469, 13 S. W. 51 [16 Am. St. Rep. 915]; Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682 [23 Am. St. Rep. 370]; Martin v. Burns, 80 Tex. 677, 16 S.W. 1072; Hardy v. Beaty, 84 Tex. 562, 19 S.W. 778 [31 Am. St. Rep. 80]."

Every law which operates as a limitation in point of time in any respect causes injury to some one, but public policy demands that property rights of the great mass of the people be protected and such judgment be free from attack from the expiration of a certain period of time. If such were not the provision, judgments could be attacked long after the witnesses testifying to the facts upon which the judgment had been rendered had died. It is possible for such a judgment to be set aside when, in fact, it had originally been rendered upon overwhelming evidence.

The rule laid down in the Crawford Case by the Supreme Court has been uniformly followed by the courts of Texas.

"Where an administration has been properly opened in the county court upon the estate of a deceased person, the jurisdiction then attaches for the purposes of that administration. And in respect to the proceedings thereafter had in the course of such administration, as said in McNally v. Haynie [2 T. L. Rev.], 'in respect to such matters, the inquiry is not one of jurisdiction as to the subject-matter, but as to whether or not the court has exceeded its legal authority in dealing with a subject-matter over which it has jurisdiction.'" Heath v. Layne, 62 Tex. 686, 691.

In the case of Emeline Smith et al. v. Henry L. Kreis et al., No. 1504, pending in the district court of Childress county, Tex., at the May term, 1927, in which the plaintiffs in that cause are the plaintiffs in this, the court rendered judgment, a jury being waived, in favor of the defendants. It was recited in such judgment that the plaintiffs Emeline Smith, joined by her husband, A. R. Smith, Ruth Kreis and Arthur Kreis, by their next friend, Emeline Smith, appearing herein by and through their attorney of record, and came the defendants in person and by their attorney. The rendition of the judgment was attacked because of the following facts alleged: "That said judgment was and is fraudulent and void and of no force and effect in this: that the petition in this cause recites and alleges that the plaintiffs Arthur Kreis and Ruth Kreis are suing therein by their next friend Emeline Smith; that said Ruth Kreis, now Ruth Kreis Robertson, was at the time of the filing of said suit and at the time of the entry of said judgment an adult woman, over 21 years of age, and at said times Arthur B. Kreis was a minor and that said Emeline Smith was not authorized by them or either of them to bring said suit for them as their next friend, and they did not know that they were parties to said suit and that said Ruth Kreis and Arthur Kreis did not know of any such suit being brought for them or in their behalf and it was done by the attorney of Emeline Smith without authority; that none of the plaintiffs in said cause No. 1504

had any knowledge of any such judgment being rendered until long thereafter, but that such judgment was entered by agreement between the attorney representing Emeline Smith and the attorneys representing Henry L. Kreis et al., the defendants, and without any authority from the plaintiffs or knowledge that same was being made and entered. That the attorneys for both parties, as plaintiffs are informed, agreed upon the sum of $1500.00 as a compromise settlement of the matters of litigation between them and defendants and that the defendants, on payment of said $1500.00, were to and did take judgment for the property in controversy. That the payment to plaintiffs' alleged attorney, R. H. Templeton, of the said compromise sum of $1500.00, was without their knowledge or consent and that such agreement or compromise and settlement was made by said attorney without their knowledge and consent and without any authority from them."

The jury found by their answer to special issue No. 9 of the court's general charge that Ruth Kreis Robertson did not authorize R. H. Templeton to file suit in the district court of Childress county to recover the interest of said Ruth Kreis Robertson in the estate of her deceased father. The evidence abundantly supports this finding. The attorney named also testified to facts which show that he was not authorized to bring such suit for her. Again, the record discloses that Ruth Kreis was then a single woman, who was more than 21 years of age, and her appearance in a suit as plaintiff by next friend was not authorized by law. As to Arthur Kreis, the brother of Mrs. Smith and Mrs. Robertson, he was a minor, and, if the suit was lawfully instituted in his behalf, certainly the attorney selected by his next friend, Mrs. Smith, had no authority whatever to compromise the rights of such minor and agree to enter a judgment against him.

As to Mrs. Smith, the jury found that she did employ the attorney to file the suit in which the judgment was rendered. It does not appear that Mrs. Smith knew of the compromise until after it was made, but that, after being made acquainted with the facts of the compromise, she accepted her part of the money paid on the compromise settlement and retained this money until some time during the trial of this cause, when she tendered it into court. On another trial, the trial court should instruct a verdict against Mrs. Smith on such acceptance and retention of her part of the settlement money.

The trial court submitted to the jury the following issue: "Special Issue No. 6. Do you find from a preponderance of the evidence that at the time D. F. Kreis paid to Minerva B. Kreis the sum of $4,000.00 and took from her a warranty deed to an undivided one-half interest in said land, the said D. F. Kreis knew that said Minerva B. Kreis had accepted and elected to take under the will of J. M. Kreis, wherein said land had been given to their said son Arthur B. Kreis, included the community interest of said Minerva B. Kreis?"

Under our holding that Mrs. Kreis was not put to an election by the terms and language of the will of J. M. Kreis, the answer to this question becomes immaterial. No issue was submitted to the jury as to the validity of this deed, nor can we say that any such issue, under the poverty of the evidence in this case, should have been submitted. But, on another trial, as the pleadings attack this deal and as it involves a disposition of Mrs. Minerva B. Kreis' one-half undivided interest, if there is evidence sufficient to support it, the issue should be submitted.

For the reasons indicated, we reverse the judgment of the trial court and remand the case to that court for a new trial.

HALL, C. J., not sitting.