### KREIS et al. v. KREIS et al.
### No. 4162.

Court of Civil Appeals of Texas. Amarillo.
Oct. 22, 1934.

Rehearing Denied Nov. 12, 1934.

E. E. Diggs, of Childress, and A. A. Lumpkin and H. H. Cooper, both of Amarillo, for appellants.

Williams & Bell, of Childress, for appellees.

MARTIN, Justice.

Two former appeals of this case are reported in 36 S.W.(2d) 821, and 57 S.W.(2d) 1107, where the facts are sufficiently stated. To render this opinion intelligible without reference to these, some of the more important facts are restated. J. M. Kreis and wife, Minerva B. Kreis, owned certain community property, mostly real estate. They had three children. This suit is by the heirs of one of these against the heirs of the other two, the exact nature of which fully appears in the opinions on former appeals. J. M. Kreis, after giving two of these children a large portion of the said community estate during his lifetime, died leaving a will with two codicils, as set out in 36 S.W.(2d) 821. This will was construed as giving only one-half of this property (see opinions supra) to his third and youngest child. Appellants are the heirs of this youngest child, and again vigorously contend that we have erred in this construction. They earnestly insist that the W. O. J. given both of the above opinions by the Supreme Court could mean nothing else. We cannot know what was in the mind of the Supreme Court in dismissing the two applications for writs of error by appellants, but we can and do know what the Supreme Court has said about the construction of wills in substantially the same language. In the will under consideration, the estate devised was "all my estate both real and personal of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease." The codicils refer to it as "sade property." One-half of all property in controversy admittedly belonged to his wife. Judge Phillips, in Avery et al. v. Johnson et al., 108 Tex. 294, 192 S. W. 542, 544, said:

"The law presumes that no man will attempt a testamentary disposition of the property of others. It deprives no man of his property merely by conjecture. Therefore, for a will to be given the effect of an attempted disposition of property not owned by the testator, it is required that the language of the will conclusively evidence such a purpose. In such cases it is not sufficient that the will may be construed as revealing such an intention. It is necessary that it be open to no other construction. * * *

"The devises of land made by the testator in the second paragraph of the will, it is distinctly therein stated, were out of the real estate 'owned by him at the time of the death of Jane Avery.' The devises made in the third paragraph likewise dealt only with such land as he owned. * * * If effect be given to the express limitation of each of the devises to only such land as the testator owned, it is plain that the will cannot be construed as an effort to dispose of land he did not own. For the will to be given such construction, unequivocal language must be found in it which effectually negatives this express limitation and makes it clear beyond any reasonable doubt that, notwithstanding the testator's use of these restrictive terms, his attempt was to dispose of the land which

940

the children of the first marriage owned in their own right."

In the case of Slavin et al. v. Greever et al. (Tex. Civ. App.) 209 S. W. 479, approved by the Supreme Court, the will is in substantially the same language as the instant one, and the rule laid down by Judge Phillips is followed.

To the same effect are the more recent cases of Sailer v. Furche (Tex. Com. App.) 22 S.W.(2d) 1065, and Hocker v. Piper (Tex. Civ. App.) 2 S.W.(2d) 997.

■ The trial court found against the claim of Mrs. Emeline Smith, presumably upon the two former opinions in this case. We have already indicated our views with respect to her suit, and decline to be drawn again into a full discussion of the question. Suffice it to say that in our opinion an issue of fact was presented, which the trial court found against her. Both sides claim the evidence is conclusive in their respective favor, but we will go no further than above. We call attention, however, in reply to appellants' contention that she could only divest herself of title by a separately acknowledged instrument, that a judgment was entered against her in Childress county. The legal title was already in D. F. Kreis, who held by purchase from one who bought at an administrator's sale regular on its face, and it took no affirmative act on her part to invest him with the legal title. The probate court of Uvalde county had already divested her of title, and her real suit was one in the nature of an equitable proceeding to establish his trusteeship for her. The trial court held impliedly, if not expressly, that she had validly settled her claim against appellees and ratified the judgment entered against her in Childress county which denied her all relief. We have concluded that sufficient evidence is shown to support his finding.

■ In this Childress county suit appellants sued in trespass to try title, and appellees answered by plea of not guilty and asked for affirmative relief removing cloud from their title.

The land described in appellants' said petition included section No. 83, block 1. The judgment entered reads, in part: "It is therefore ordered, adjudged and decreed by the Court that the plaintiffs take nothing against the defendants, and that the cloud cast upon the title of defendants in and to the lands and premises hereinafter mentioned be removed; and that the defendants' title in and to said land be in all things quieted as against the plaintiffs and each of them; which said lands are located and situated in Childress

County, Texas, and described as follows, to-wit."

The description which follows fails to include said 83, and Mrs. Smith now claims that she is entitled to recover her interest in said section because of such failure. The judgment does two things, viz.: (1) Denies to her any recovery, which would necessarily include the property mentioned in her pleadings; (2) it removes cloud from title to the property therein described. The most that can be said of this judgment is that it is defective in that it failed to remove the cloud cast upon appellees' title to section 83, under their prayer for affirmative relief. But it did effectually dispose of her claim to the property by denying her any recovery. All this is upon the hypothesis that a judgment was necessary to divest her of any claim to the real estate in question, by reason of the married woman's separate acknowledgment statute. This we feel is unnecessary to decide under the particular facts of this record. The trial court correctly held, we think, that the omission of description discussed did not entitle her to recover as prayed for.

Appellees have filed cross-assignments of error.

■ Under our construction of the above will, one-half interest in the property of testator passed to his son Arthur Kreis, father of appellants. After coming into possession of same, Arthur Kreis died, and his brother D. F. Kreis was appointed administrator of his estate by the county court of Uvalde County. Subsequently thereto a claim was filed against the estate of Arthur Kreis, was allowed by the administrator, D. F. Kreis, and the property involved herein ostensibly sold at administrator's sale to A. West, who almost immediately thereafter conveyed same to the administrator, D. F. Kreis. It is the theory of appellants that the claim and sale were fictitious and fraudulent; that A. West was but the conduit through which the title passed to the administrator in violation of article 3579, R. S. 1925, prohibiting the purchase by the administrator either directly or indirectly of the property of the estate. This feature is fully discussed in the last appeal. 57 S.W.(2d) 1107, supra. The jury's finding supported appellants' theory, and it is vigorously contended under proper cross-assignment that there was no evidence to support such finding. We overrule this assignment. West married the sister of Arthur and D. F. Kreis, and he and the administrator were very closely associated. The same lawyer represented both in the above transaction.

The circumstances sufficiently raise an issue that the entire transaction respecting the above claim and sale was a "thimblerigged" proceeding, instituted and consummated to cheat and defraud appellants out of their inheritance. Though both parties were possessed of considerable property, their attitude towards appellants is illustrated by the fact that all were placed in an orphanage where they were reared. D. F. Kreis was dead at the time of the trial, but West was living and was placed upon the stand by appellees to testify. His demeanor and general attitude is in part illustrated by the following reproduction of a part of his testimony:

"Q. I am asking you where you got it? A. I didn't steal it and I didn't hijack.

"Q. You haven't answered the question. A. I don't consider it any of your business.

"Q. And you are not going to answer that question? A. No, I don't think so. I don't think it is any of your business. * * *

"Q. What were you doing all of these years? A. What years?

"Q. These years when these transactions were taking place—when you were buying this land from Frank and reselling it? A. I was doing a good many things.

"Q. Do you know what some of them were? A. Yes, I was eating and sleeping a good deal of the time. * * *

"Q. When you bought that land, half of that land from Frank down there while you were in Uvalde County, how many deeds did you get? A. I couldn't say.

"Q. Did you get two deeds? A. I couldn't say.

"Q. Did you put those deeds of record? A. Now, I can't say.

"Q. Isn't it a fact that Frank kept those deeds and sent them up here and put them of record himself? A. I couldn't say. It has been too long ago.

"Q. You don't remember about it? A. No.

"Q. I believe you stated in your testimony yesterday that you gave—how much was it you gave for that land? A. I don't recollect how much I did give for it.

"Q. And you don't know how many deeds you got? A. No, I do not.

"Q. And you don't know what time the deeds were made? A. I don't recall.

"Q. And you don't know whether there was more than one deed, or not? A. No, I don't.

"Q. In fact, you left that all to Frank? A. It has been so long ago. I did know once.

"Q. And you don't remember where you got the money from that you paid on it? A. No, I had a little money coming in all of the time."

■ West testified he bought and paid for the land without any notice of fraud, but the jury was not compelled to believe him in view of the many circumstances that cast suspicion upon his testimony. His credibility and the weight to be given his testimony are matters given by law to the jury, and we are not authorized under the circumstances here to interfere with the discretion thus intrusted to them.

■■ The statute of three years' limitation (Vernon's Ann. Civ. St. art. 5507) was pleaded by appellees to that portion of appellants' petition setting up a claim to a certain inheritance from their mother, Tolitha McGee, and a purchase from their stepfather, M. M. McGee, some mention of which is made in the last appeal of this case. The trial was upon appellants' fifth amended original petition. This and no other appears in the transcript. It is stated in appellees' brief that appellants' suit was filed in 1929. The statement of facts shows the eldest of appellants was born about 1909. Obviously, we are not able to appraise the merits of appellees' contention that limitation has run on that part of appellants' claim to an inheritance from their mother, where the record fails to affirmatively show when suit was filed for same. Abandoned pleadings are not usually an essential part of the record on appeal. An exception is when they must be looked to upon a question of limitation. Missouri, K. & T. Ry. Co. v. Juricek (Tex. Civ. App.) 140 S. W. 474.

■ As to their title by a recent purchase from M. M. McGee, claimed to be barred by limitation, we find in appellees' brief no cross-assignment of error raising this question. This is, of course, necessary. 3 Tex. Jur. 874, § 610.

The trial court, we think, correctly rendered judgment in favor of two of the children of Arthur Kreis for their interest in the property which passed to their father by the will of J. M. Kreis, discussed above, and against the third child, Mrs. Smith, for reasons appearing herein and on former appeals.

The judgment is therefore affirmed.