John P. NISBETT et al., Appellants,

v.

Alice CHRISTIAN et al., Appellees.

No. 7101.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 24, 1959.

Long, Strong, Jackson & Strong, Carthage, for appellants.

Bath, Turner & Lloyd, Henderson, for appellees.

FANNING, Justice.

John P. Nisbett and Mary Nisbett Greathouse, joined by her husband, John Great-house, who are the surviving children of P. R. Nisbett, deceased, sued Mrs. Alice Christian, Individually and as Guardian of C. O. Christian, Jr., a Minor, and his attorney ad' litem, T. A. Bath, Mrs. Doris Christian Rea and husband, O. L. Rea, Jr., and Mrs. Patsy Ann Christian, a feme sole, who are the surviving heirs of C. O. Christian, deceased. The suit is brought in three counts: (1) in trespass to try title for two tracts of land in Rusk County, Texas; (2) for impression of a trust on said land; and (3) for a declaratory judgment of plaintiffs' undivided interest in said land. Motions for summary judgment were filed by both parties, and on hearing thereon, judgment was rendered for defendants on their motion and against plaintiffs on their motion. Plaintiffs have appealed.

Mrs. Lola Miller, the common source of title, executed a renewal deed of trust on the land to M. H. Gossett, Trustee, for the benefit of the Federal Land Bank of Houston, Texas, on April 23, 1923, to secure an indebtedness to said Federal Land Bank; Mrs. Miller next conveyed the land to P. R. Nisbett by warranty deed dated October 25, 1927, containing the following reservation: "also thereby reserving ⅟₁₆ interest in all the oil and gas and mineral deeds." (The Federal Land Bank's deed of trust and indebtedness was not mentioned in the conveyance from Mrs. Miller to P. R. Nisbett but from the record it appears that same was outstanding.) On December 2, 1927, P. R. Nisbett executed a warranty deed to the land to Robert Allen, reserving therein a vendor's lien in the amount of $11,460, and excepting therefrom "fifty (50) per cent of all mineral rights, including oil and gas rights"—this deed does not mention the outstanding indebtedness of the Federal Land Bank upon the land. On January 27, 1928, P. R. Nisbett to secure a $7,000 note from him to J. E. Willis, and under certain agreements and stipulations, transferred to J. E. Willis, the vendor's lien note in the amount of $11,460 reserved by Nisbett in his deed to Allen.

P. R. Nisbett died on July 15, 1929. On August 29, 1929, Mrs. Edna Nisbett, surviving wife of P. R. Nisbett, qualified as administratrix of the estate of P. R. Nisbett, deceased, in which capacity she served until her discharge on December 3, 1945.

On April 14, 1930, Mrs. Edna Nisbett was appointed and qualified as guardian of the person and estate of Mary Edna Nisbett, a minor—inventory was filed, no order of discharge of the guardian was ever entered and there were no other proceedings in the guardianship other than the appointment and qualification of the guardian.

On January 20, 1930, J. E. Willis transferred and assigned to Mrs. Edna Nisbett the vendor's lien reserved in the deed from P. R. Nisbett to Robert Allen. In this assignment it is stated:

"I, J. E. Willis, of Tarrant County, Texas, do hereby Transfer, Assign and Set Over unto the said *Mrs. Edna Nisbett in her own separate right* all of my right, title and interest in and to the said Robert Allen note hereinabove described and the liens securing it."

The instrument further says that

"* * * *the consideration for which was paid by her out of her separate estate* and by virtue of such sale and transfer, the said Mrs. Edna Nisbett is entitled to take and hold the collateral in said assignment described." (Italics ours.)

On January 24, 1931, the Federal Land Bank of Houston, Texas, assigned to Mrs. Edna Nisbett two delinquent installments of the deed of trust on said land executed by Mrs. Miller to M. H. Gossett, Trustee. On January 26, 1931, E. T. Edrington was given a power of attorney authorizing the sale of the land under said deed of trust by M. H. Gossett, Trustee, upon request of Mrs. Nisbett. On March 3, 1931, M. H. Gossett, Trustee, by E. T. Edrington, attorney in fact, by a public trustee's sale, held at the court house door of Rusk Coun-

ty, Texas, which appears regular on its face and in conformity with the provisions of the deed of trust, sold the land in question in fee simple to Mrs. Edna Nisbett for the consideration of $400 in cash and the assumption by Mrs. Edna Nisbett of the balance of the indebtedness due the Federal Land Bank of Houston on the Miller note.

On September 30, 1931, Mrs. Edna Nisbett sued R. Y. (Robert) Allen in trespass to try title and on January 5, 1932, obtained judgment for title and possession of the land in question against Allen.

On January 15, 1936, Mrs. Edna Nisbett executed a warranty deed to C. O. Christian to the land in controversy here. The defendants in this suit are the heirs at law of C. O. Christian, deceased. Long before Christian purchased the land from Mrs. Nisbett in 1936, the appellant John Perry Nisbett had his disabilities of minority removed and was of legal age. The appellant Mary Nisbett Greathouse married prior to April 22, 1936. At the time Christian purchased the land from Mrs. Edna Nisbett there was a balance due on the note to the Federal Land Bank of $4,221.34, and several payments due thereon were past due and unpaid and the Federal Land Bank was about to foreclose its lien. After Christian acquired the land he paid the payments due the Federal Land Bank, and in 1944, after his death, his administratrix paid the balance of the note. Defendants have been in possession of the land in question using, occupying, cultivating and claiming fee simple title thereto continuously since said land was purchased by Christian from Mrs. Nisbett in 1936, with the Christians (from the time they acquired the land in 1936 until the time of the filing of this suit) paying the taxes annually on said land before they became delinquent. No production of oil, gas or other minerals has been had upon the land in question.

The administration proceedings in the estate of P. R. Nisbett, deceased, lists in

the inventory the vendor's lien note in the sum of $11,460, given by Robert Allen to P. R. Nisbett. This note was also mentioned in the inventory again as having been placed with J. E. Willis to secure a note as follows: "Secured by V. L. note for $11,460.00 on Robert Allen and a 2nd lien on 472 acres of land." The inventory also shows that P. R. Nisbett owned no separate property and that all of the property was the community property of P. R. Nisbett and surviving wife, Edna Nisbett.

In her final exhibit and account showing the condition of the Estate of P. R. Nisbett, filed on November 24, 1945, Mrs. Edna Nisbett, Administratrix, listed the names and relationships of the persons entitled to receive all the property as: Mrs. Edna Nisbett, widow of P. R. Nisbett; John P. Nisbett, a son of P. R. Nisbett; and Mary E. Monroe, a daughter of P. R. Nisbett. The final exhibit and account also stated:

"The property which has come into the hands of the Administratrix, and the disposition thereof, is shown on exhibit hereto attached."

The order closing the estate stated that "there is no personal estate remaining in the hands of the Administratrix." This order further recites that John P. Nisbett and Mrs. Mary B. Monroe, who are appellants in this case, "have consented to the discharge of the Administratrix and her bondsmen."

Also in said administration proceeding, the appellants in this case signed a receipt, in which they stated "that all of the undersigned have read the final account of Edna Nisbett, Administratrix, and enter their appearance with respect thereto and join in the application and prayer of Edna Nisbett that the Estate of P. R. Nisbett, deceased, be closed and that Edna Nisbett and the sureties on her bond be fully discharged."

On November 11, 1930, by written instrument, duly acknowledged and recorded, John Perry Nisbett (one of the appellants herein) conveyed all of his interest in the estate of P. R. Nisbett, deceased, to his mother, Mrs. Edna Nisbett.

Appellants present two points on appeal as follows:

"*Point 1.* The trial court erred in rendering a summary judgment for appellees and in not rendering a summary judgment for appellants because the mineral interest reserved by P. R. Nisbett, Deceased, never passed to or vested in Mrs. Edna Nisbett in her individual capacity and any attempted acquisition by her of such mineral interest was in violation of Article 3579, Revised Civil Statutes of Texas, and therefore void and of no effect.

"*Point 2.* The trial court erred in rendering a summary judgment for appellees and in not rendering a summary judgment for appellants because Mrs. Edna Nisbett did not acquire title to the mineral interest reserved by P. R. Nisbett, deceased, by operation of law through her purchase at the trustee's sale because at the time of such purchase she was then serving as administratrix of the estate of P. R. Nisbett, deceased, and as guardian of the estate of plaintiff, Mary Nisbett Greathouse, then a minor, and title to such mineral estate therefore did not pass to her but then remained and still remains in appellants."

Articles 3579 and 4205, Vernon's Ann. Civ.St., prior to their repeal in 1955 by the 54th Legislature of Texas (effective January 1, 1956), read as follows:

"*Art. 3579.*

"No executor or administrator shall buy the estate of his testator or intestate, or any part thereof, at its appraised value, or become the purchaser, either directly or indirectly of any property of the estate sold by him. If an executor or administrator should either directly or indirectly become the purchaser of any of the property of his

testator or intestate, at a sale made by him or his co-executor or co-administrator, upon the written complaint of any person interested in the estate, and service of citation upon any such executor or administrator, and, upon proof of such complaint, such sale shall be declared void by the county judge, and such executor or administrator decreed to hold the property so purchased in trust as assets of the estate, and an order to that effect shall be entered upon the minutes."

"*Art. 4205.*

"The guardian shall not become the purchaser either directly or indirectly of any property of the estate sold by him. If any guardian shall, directly or indirectly, become the purchaser of any property of his ward, at a sale made by such guardian, upon written complaint of any person, and after service of citation upon such guardian, and upon proof, such sale shall be held void and by the court set aside by order to that effect. The costs of such sale, and of suit, shall be adjudged against such guardian individually."

The 54th Legislature of Texas, in 1955, also enacted a new Probate Code, effective January 1, 1956. Section 352 of that code (which Vernon states is derived from Articles 3579 and 4205, V.A.C.S.) reads as follows:

"*§ 352.* The personal representative of an estate shall not become the purchaser, directly or indirectly, of any property of the estate sold by him, or by any co-representative if one be acting. If any such purchase is made, any person interested in the estate may file a written complaint with the court in which the proceedings are pending, and upon service of citation upon the representative, after hearing and proof, such sale shall be by the court declared void, and shall be set aside by the court and the property ordered to be reconveyed to the estate. All costs of the sale, protest, and suit, if found necessary, shall be adjudged against the representative. Acts 1955, 54th Leg. p. 88, ch. 55."

█ The trustee's sale and deed in question, regular in all respects, must be held under the facts in this case, as conveying to Mrs. Edna Nisbett the legal title to the land described therein including all of the minerals therein and of course, including the minerals theretofore reserved by P. R. Nisbett and Mrs. Lola Miller, since the deed of trust lien upon which the foreclosure was made was in existence prior to the reservations of minerals above referred to. Texas Land & Mortgage Co. v. Cohen, 138 Tex. 464, 159 S.W.2d 859.

█ No attack was ever made by appellants in the probate court of Rusk County, Texas, upon the purchase of the land in question by Mrs. Nisbett at the trustee's sale in 1931. Appellants' first attack upon the 1931 trustee's sale is by their present suit which was filed in the District Court of Rusk County, Texas, in 1957. We think it is clear that appellants are not entitled to the relief they seek in this cause, because there was no fraud or unfairness shown or attempted to be shown in connection with Mrs. Nisbett's purchase of the property in question at the trustee's sale. See Dilbeck v. Blackwell, Tex.Civ.App. 126 S.W.2d 760, 763, wr. ref., wherein it is stated:

"There are decisions from other states to the effect that upon proof of the fact that the executor was also the purchaser, directly or indirectly, at sales made by him under orders of the court, even though no extraneous fraud or unfairness is in fact shown, equity will avoid the sale by impressing the property with a trust in favor of the beneficiaries of the estate. Crawford County Bank v. Bolton, 87 Ark. 142, 112 S.W. 398; 24 Cor.Jur. 633 Sec. 1590, and authorities there cited. Such decisions appear to make no distinctions between sales authorized and

confirmed by judgments of the court and sales made by an executor or other trustee not under judgments of the court authorizing and confirming same. In such cases where the sale is not required to be confirmed it is said: 'The rule is founded on the danger of imposition and the presumption of the existence of fraud inaccessible to the eye of the court.' Nabours v. McCord, 97 Tex. 526, 80 S.W. 595, 598. *However, in all the cases we have found reported in this state, where courts of equity have impressed the property with a trust in favor of the beneficiaries of an estate, and thus avoided sales authorized and confirmed by judgments of the probate court, there appears to have been shown in addition to proof of the executor's purchase at the sale some extraneous fraud or unfairness with respect thereto invoking the exercise of equity jurisdiction.* Johnston v. Stephens, supra (121 Tex. 374, 49 S. W.2d 431, 436), quotes from Freeman on Judgments (5 Ed.) Vol. 3, Sec. 1084, reading as follows * * *: 'But in all these cases equity may be resorted to only upon a sufficient showing of some ground for the exercise of equitable jurisdiction such as mistake or extrinsic fraud, and not merely to review the action of the probate court. "The courts of chancery have no power to take such cases out of probate courts for the purpose of proceeding with the administration. But their power and functions to relieve against fraud, accident and mistake, or impending irremediable mischief is universal, extending over suitors in all of the courts." The fraud which will justify equitable relief against probate orders or judgments must, of course, be extrinsic.' "

■ It is our further view that appellant John P. Nisbett would have no title or lawful claim to the land in question for the additional reason that his conveyance of 1930 conveyed his interest in the P. R. Nisbett estate to his mother, Mrs. Edna Nis-

bett. This conveyance is valid on its face and no attempt was made to set it aside for fraud, accident or mistake.

The judgment of the trial court is affirmed.